ALEX LAZENBERRY v. THE STATE.

No. 3581. Decided October 17, 1906.

**Local Option—Changing Name of Accused in Complaint—Amendment.**

Where upon trial for a violation of the local option law, the defendant in his motion for continuance stated that his name was different from the one alleged in the information and complaint, and after the overruling of said motion, as the trial proceeded, the county attorney suggested that the complaint and information be so changed as to conform to the name stated in defendant's motion: and the court over defendant's objection permitted such change. Held that the complaint was not amendable, and besides there was no suggestion from the defendant for such amendment.

Appeal from the County Court of Cherokee. Tried below before the Hon. R. L. Robinson.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Perkins & Emanuel,* for appellant.—Huff v. State, 23 Texas Crim. App., 291.

*J. E. Yantis,* Assistant Attorney-General, and *W. H. Shook,* County Attorney, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail, and prosecutes this appeal.

Appellant contends that the action of the court was erroneous in authorizing the county attorney to change the name of the accused in the information and complaint. Said change occurred in this wise. The complaint charged that Alex Johnson committed said offense, and the information followed the complaint in stating the name of the defendant. In making motion for a continuance or postponement of the trial, appellant stated therein that his name was Alex Lazenberry, and not Alex Johnson, as stated in said information. Motion was overruled, and subsequently the trial was proceeded with, and the county attorney suggested that the name of the defendant was Alex Lazenberry, and asked the court to change said complaint and information; and the court permitted the county attorney to make said change in said complaint and information, stating as his reason for doing so that the defendant had suggested his name by filing a motion for postponement, in the case of State of Texas v. Alex Lazenberry. Thereupon the court entered an order upon the minutes of the court that the defendant had suggested his name as Alex Lazenberry, and permitted the county attorney, over the defendant's objections, to change said name in the complaint and information. To which appellant objected and refused to plead thereto. Whereupon the court ordered a plea of not guilty entered for him, and the trial proceeded. To support appellant's contention that the court erred, he refers us to two cases: Patillo v. State, 3 Texas Crim. App., 442; and Wilson v. State, 6 Texas Crim. App., 156. In the first named case on a suggestion being made by the county attorney that the information misstated and the affidavit omitted the name of the accused, the court below permitted the substitution and insertion of the name suggested by the county attorney. It was held that this vitiated the proceedings and required the dismissal of the cause. Said case is further authority to the effect that the suggestion of misnomer must come from the defendant. In Wilson's case, supra, it was held that the law,

as it then stood with reference to suggestion of misnomer, was appli-
cable to informations as well as indictments. But further held that
as to prosecution by information, the information alone could be
amended where a misnomer was suggested, and that the supporting
affidavit could not be amended. There the information alone was
amended by stating the correct name of the defendant on his suggestion;
and the contention made was to the effect that the affidavit also should
have been changed. The court there held there was no authority to
change the complaining affidavit. Both of these cases, as has been
seen, go to the extent merely of authorizing the change of the name
in the information, and that the suggestion of change must come from
appellant. We hold that the affidavit or complaint in this case was
not amendable; both, because there is no authority to amend the com-
plaint on account of misnomer, and because even if it be conceded
that such amendment could be made, there was no suggestion here
coming from the appellant to correct his name in the complaint. The
judgment is reversed and the cause remanded.

*Reversed and remanded.*