## N. S. RIVES V. THE STATE.

No. 9450.    Delivered June 2, 1926.

Rehearing denied State June 22, 1927.

**1.—False Swearing—Jurisdiction of State and Federal Courts—Rule Stated.**

Where a false statement in an application to the Federal Land Bank for a loan on real estate is made in writing and sworn to, the offense may be prosecuted either in the Federal courts, under Sec. 9835v of the Federal Farm Loan Act, or in a state court of competent jurisdiction under Art. 310, P. C., 1925, for false swearing. Following Funk v. State, 84 Tex. Crim. Rep. 402, and other cases cited.

**2.—Same—False Swearing—Written Statement—Must Be Complete—When Sworn To.**

The written statement relied upon by the state in this case was not

complete when signed and sworn to by appellant. Certain additions were made to the statement afterward, which were not sworn to. Such a document would not support a conviction for false swearing under Art. 310, P. C., 1925. See Wilson v. State, 49 Tex. Crim. Rep. 496.

### ON REHEARING BY STATE.

**3.—Same—False Affidavit—Requisites Of.**

Article 310 denounces the making of a false statement in writing, which is not required by law, under oath legally administered. In this case it is manifest that the document upon which this prosecution is predicated, was not complete when signed and sworn to, and that important additions to same were thereafter made and were not embraced in appellant's oath. We do not deem it sufficient to support the conviction. See opinion on rehearing for collation of authorities.

Appeal from the District Court of Tom Green County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for false swearing, penalty two years in the penitentiary.

The opinion states the case.

*W. A. Wright; Hill, Neal & Hill* of San Angelo, for appellant. On concurrent jurisdiction of state and Federal courts, appellant cites: Secs. 24 and 256, Judicial Code; Barnes Fed. Code, p. 2229; Thomas v. Looney, 134 U. S. 372; U. S. v. Bailey, 9th Peters 238; McIntosh v. Ballard (Ark.), 129 S. W. 85; Commonwealth v. Kitchen (Ky.), 133 S. W. 586; Tennessee v. Davis, 100 U. S. 266; Easton v. Iowa, 188 U. S. 220; U. S. v. Schinn, 14 Fed. 447; U. S. v. Herring, 26 Fed. 447; People v. Eno, 155 U. S. 96.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Tom Green County for the offense of false swearing, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant on June 21, 1922, made an application to the Federal Land Bank of Houston for a loan in the sum of $10,000, which application was on that date sworn to by him before Alpha Hamelin, a notary public of Tom Green County, Texas. It appears from the record that said application blank was the form prescribed by the Federal Farm Loan Board, and when sworn to by the appellant the description of the real estate upon which said loan was based was not filled in, but that after the application had been sworn to as aforesaid,

the description of the real estate was placed in said application and some portions of said application relative to the vocation and occupation of the appellant were changed, without his ever being sworn to said application again.

This prosecution is based upon Art. 310, 1925 Penal Code (Art. 312, Vernon's Ann. P. C.), which is as follows:

"If any person shall deliberately and wilfully, under oath or affirmation legally administered, make a false statement by a voluntary declaration or affidavit, which is not required by law or made in the course of a judicial proceeding, he is guilty of false swearing," etc.

The record discloses that the state recognized that the application had been altered and the description of the land added thereto after the appellant had sworn to same, and that he had not sworn to said application subsequent to such changes, but the state contended that such fact did not relieve the appellant from prosecution or punishment, under the statute, supra. The appellant's contention was that the Federal Farm Loan Act passed by Congress on July 17, 1916, Sec. 9835ff (H), which provided that the Federal Farm Loan Board should have authority to prescribe forms for application and had prescribed the form in question, which required an affidavit thereto, brought this case clearly within the jurisdiction of the Federal courts, and that the state courts had no jurisdiction of said offense. It was the further contention of appellant that said application having been materially changed and additions made thereto after he had sworn to same, and he having never been re-sworn to same after such alterations, the purported affidavit relied upon by the state was void and formed no basis for his prosecution under Arts. 310 and 311 of the Penal Code of this state.

Sec. 9835v of the Federal Farm Loan Act provides:

"Any applicant for a loan under this Act who shall knowingly make any false statement in his application for such loan * * * shall be punished by a fine of not exceeding $5,000, or by imprisonment not exceeding one year, or both."

It will be observed from the foregoing section of the Federal statutes that Congress made it an offense for an applicant to make any false statements in his application for a loan, but did not make it an offense for the applicant to swear falsely thereto, and the affidavit required was made under the rules and regulations of the Farm Loan Board. It will be further observed that the state in this case based its prosecution upon Art. 310 of the Penal Code, which makes it an offense to make a false affidavit,

and which of necessity would require the state to show that the appellant had made a false statement in said application and that he swore to it, before the state would be entitled to a conviction. It will be noted from an examination of the penal section of the Federal code that upon showing that the appellant had made a false statement in said application, without swearing to it, a conviction would be authorized under the Federal statute, and to authorize a conviction under either of said statutes or both, the evidence would practically be the same, except that under the state statute it would be necessary to show that the alleged false statement was made under oath. It therefore follows, in our opinion, that if the alleged facts against appellant were true and proved, he could be prosecuted and convicted either under the Federal or state statute in a court of competent jurisdiction.

The appellant seriously and urgently insists before this court, with an exhaustive brief, that the trial court was clearly without jurisdiction, and that the Federal courts only had jurisdiction over this alleged offense. We are of the opinion that this contention cannot be sustained, under the authorities laid down by this court. Funk v. State, 84 Tex. Crim. Rep. 402, 208 S. W. 509; Ex Parte Gilmore, 88 Tex. Crim. Rep. 529, 228 S. W. 199; Gaines v. State, 95 Tex. Crim. Rep. 368, 251 S. W. 246; Rowan v. State, 97 Tex. Crim. Rep. 130, 260 S. W. 591. The foregoing authorities hold that where there is a state statute and a Federal statute covering the same offense, and the state courts and the Federal courts alike have jurisdiction, the accused can be prosecuted in either of said jurisdictions, and that he does not have the right to select in which jurisdiction he shall be tried. It is further held that if the state court in a criminal case has assumed jurisdiction and is holding the accused for trial, it has a right to maintain said jurisdiction and try the accused in the absence of interference from the Federal courts. We therefore hold that the trial court was not in error in refusing to sustain appellant's contention to the effect that it was without jurisdiction.

There are many other questions raised by appellant, but we are of the opinion that the only question demanding our serious consideration is whether or not the said application, being incomplete at the time the affidavit was made and thereafter changed and the description of the land added thereto, same being the security upon which the loan was based, would form a proper basis for prosecution under the Penal Code of this state. To bring the prosecution in the terms of the statute, it is necessary that the facts show an affidavit which is defined to

be a declaration under oath reduced to writing, sworn to before a person authorized to administer oath. See Ency. of Law & Proc., Vol. 1, p. 4; Shelton v. Berry, 19 Tex. Rep. 154. The signature may not be essential, but the instrument, including the jurat, is not an affidavit or instrument under oath within the meaning of the statute unless in writing. The offense denounced contemplates a false swearing by writing or affidavit of a thing, past or present. See Wilson v. State, 49 Tex. Crim. Rep. 496. The affidavit or written statement in the present case was an application for a loan. Under the Federal statute it was contemplated that it be in writing; that it make true answers to certain questions; that it give a description of the property. Though not by law, it was by rule of the Federal Farm Loan Board required that it be under oath. It is conceived that the offense might be predicated upon any false affidavit not required by law, but at the time the oath and jurat were made in the present case, the document was not complete. It was contemplated by the parties thereto that there should be additions made to it. This part of the statement or application was in parol, and not in writing, and the instrument was not verified by affidavit after the insertions were made. Therefore, it did not become at any time an affidavit or statement under oath within the meaning of the statute. It was admittedly not complete when the oath was made and not intended to serve any purpose until the parol agreement to make additions thereto was carried into effect. Not having been verified by affidavit after it became complete, it did not, in our judgment, become an affidavit within the meaning of the law.

It is therefore ordered that the judgment of the lower court be reversed and remanded, and that if the evidence is the same upon another trial, an instructed verdict should be given.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

MORROW, PRESIDING JUDGE.—From Art. 23, Sec. 18, R. S., 1925, we take the following:

"Affidavit means a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer

authorized to administer oaths, and officially certified to by such officer under his seal of office."

The prosecution is based upon averments that the appellant made an affidavit as a basis for borrowing money upon his real estate which the lender required to be in writing, for which there was a printed form with blanks to be filled in writing, prepared and furnished him; that part of the blanks were filled and the document signed, but the description of the land which he desired to mortgage was not embraced in the writing. It was shown that it was contemplated that the document might be subsequently completed by embracing in it a description of the land which he desired to mortgage. It is manifest from the printed document and from the surrounding facts that the writing was not complete within the contemplation of the parties at the time the oath was made.

It is the opinion of the writer that the affidavit defined in the statute is a written document, signed by the affiant and sworn to before an officer authorized by law to administer oaths, he attaching his jurat and seal thereto, and that the instrument in question was not within the definition of an affidavit as contained in the statute and contemplated in Art. 310, P. C., 1925, defining the offense with which the appellant was charged. The view entertained is confirmed by such precedents as are at hand. See Morris v. State, 2 Tex. Crim. App. 502; Shelton v. Berry, 19 Tex. Rep. 154; Anderson v. Cochran, 93 Tex. Rep. 583; State v. Headrick, 51 S. W. 99, 149 Mo. 396; Flint et al. v. Brown et al., 1 White & Wilson Civil Cases, Sec. 1018.

"An affidavit is defined by Blackstone to be 'a voluntary oath, before some judge or officer of the court, to evince the truth of certain facts.' 8 Bl. Com. 304. In practice it means an oath or affirmation reduced to writing, sworn or affirmed before some officer who has authority to administer it. Bouv. L. Dict., title Affidavit; Burrill and Tomlinson, same title. 'It must be in writing * * *. It is sufficient that it be made before an officer authorized by law to administer it, and that he reduce it to writing, and certify officially to the fact of its having been made before him'." (Morris v. State, 2 Tex. Crim. App. 503.)

See also State v. Richardson, 34 Minn. 115, 24 N. W. 354; Garrard v. Hitsman, 16 N. J. L. 124; Alford v. McCormac, 90 N. C. 151; Windley v. Bradway, 77 N. C. 333; Kessler v. Hoffman, 9 Pa. Dist. 365; State v. Williams, 76 S. C. 135; Blyth, etc. Co. v. Swenson, 7 Wyo. 303; Corpus Juris, Vol. 2, p. 338, note 89;

1 Amer. & Eng. Ency. of Plead. & Prac., p. 309; Amer. & Eng. Ency. of Law, 2nd Ed., p. 909.   From one of the cases we quote:

"Again, the plaintiff says that there might have been an unwritten affidavit which warranted the aforesaid recitals.   If that were so, still, an unwritten affidavit would not support the attachment; or rather it is more proper to say, that there is no such thing as an unwritten affidavit."   (Windley v. Bradway, 77 N. C. 333.)

For the reasons stated, the state's motion for rehearing is overruled.                                         *Overruled.*