

BEAUCHAMP, Judge.

The appeal is from a conviction for possessing intoxicating liquor for the purpose of sale with allegations of former convictions for enhancing the penalty. The jury assessed a fine of $1,500.

The record shows that objection was duly made to the complaint, in so far as it alleged former convictions, because they were not alleged as facts by the sheriff, who signed the complaint, but consisted of "presentations" made by the county attorney in the same instrument. To correct this error the court permitted the county attorney to amend the affidavit of the sheriff, inserting the sheriff's name instead of his own. This was done after the affidavit had been filed and before an announcement by the defendant in the case.

We have so frequently held that affidavits cannot be amended after being filed that it is hardly necessary to cite the cases. The reason is perfectly apparent and especially in the case now before us, because one person cannot change another's affidavit. The attempt to amend is fatal and it is accordingly ordered that the judgment rendered thereon be reversed and the prosecution upon the complaint be dismissed, without prejudice to the right of the state to file a new complaint.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is misdemeanor theft; the punishment, 30 days in jail.

The record is before us without a statement of facts or bills of exception.

All the proceedings appearing regular and nothing being presented for our review, the judgment is affirmed.