## MARY BALBUENA v. STATE.

No. 26,664. December 9, 1953.

*Reid & Reid,* by *T. M. Reid,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful sale of beer in a dry area, and her punishment was assessed at a fine of $200.

By Bills of Exception Nos. 1 and 2, appellant complains of the action of the trial judge in permitting the state to amend the complaint and information after both parties had announced ready for trial on the merits.

It is shown that prior to the amendment of the complaint and information, the first count in each charged appellant with the possession of whiskey for the purpose of sale in a dry area, and the second count charged her with the sale of whiskey in a dry area. It is further shown that Leon C. Bowman signed the complaint as affiant. During the selection of the jury it was discovered that beer and not whiskey was the basis of the state's case. Then the court permitted the amendment of the complaint and information so as to allege beer instead of whiskey as the basis of the offense charged, to which action of the court appellant objected for the reason that it was changing the sworn complaint and affidavit of Leon C. Bowman, the affiant.

We have held in cases presenting this question that one person cannot change another's affidavit. Broadhead v. State, 157

Tex. Cr. R. 634, 252 S.W. 2d 194; Hedspeth v. State, 143 Tex. Cr. R. 627, 160 S.W. 2d 928.

The court was not authorized to permit the substitution of the word "beer" for the word "whiskey," in the state's pleadings, such allegation being a matter of substance. Art. 533, C.C.P., and cases there cited.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.