We cannot construe this bill as certifying as a fact that appellant was under arrest, or thought he was when the statement was made, which appears to be necessary to such a bill. Whitfield v. State, 104 Tex.Cr.R. 232, 283 S.W. 857; Adams v. State, 154 Tex.Cr.R. 92, 221 S.W.2d 264, 265; Jordan v. State, 154 Tex.Cr.R. 217, 226 S.W.2d 449; Anderson v. State, 157 Tex.Cr.R. 630, 252 S.W.2d 189.

Appellant's motion for rehearing is overruled.

**Willie Lee BLAYLOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27457.**

Court of Criminal Appeals of Texas.

March 9, 1955.

Rehearing Denied April 13, 1955.

836

E. A. Blair, Lubbock, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant was tried, convicted and assessed a fine of $250 for possessing wine and beer for the purpose of sale in a dry area.

No statement of facts is found in the record.

There is one formal bill of exception, the proposition presented in appellant's brief thereunder being "The trial court committed reversible error in this cause by permitting the county attorney to amend the complaint and information after both. the State of Texas and the defendant had announced ready for trial and after the jury had been selected and sworn, as shown by appellant's Bill of Exception No. 1."

. The bill of exception and the record reveal the following: A complaint was made by one John W. Truly on April 19, 1954, charging that Willie Lee Blaylark possessed beer and wine for the purpose of sale in Lubbock County, Texas, and alleging the dry status of said county. On the same day an information was filed by the county attorney upon said complaint, also charging that the offense was committed by Willie Lee Blaylark.

Also on the same day appellant herein signed an appearance bond which recited that Willie Lee Blaylark stood charged with a misdemeanor, at the top of which appeared the cause number under which the complaint and information were filed. She was released upon this appearance bond.

After the appellant herein, through her counsel, had announced ready and the jury had been selected and sworn, the county attorney, according to the bill of exception, asked permission of the court to amend the complaint and information so as to change the name of the defendant from Willie Lee Blaylark to Willie Lee Blaylock, and the court, having been informed by appellant

that her name was Willie Lee Blaylock, over her objection that same would be a material alteration as to a matter of substance and would vitiate the complaint and information, instructed the county attorney to change the complaint and information and stated that the defendant's name would from that time on be considered to be Willie Lee Blaylock instead of Willie Lee Blaylark.

Appellant then further objected to such ruling and instruction of the court on the ground that she was entitled to at least two days continuance by virtue of the change, which was overruled.

The bill further shows, and the complaint and information as they appear in the transcript verify that the county attorney did not actually change the name of the defendant in either the information or the complaint, but informed the jury that they were to consider said complaint and information to read as being filed against Willie Lee Blaylock instead of Willie Lee Blaylark.

The bill of exception then states that the verdict of the jury and the judgment of the court recited appellant's name only as Willie Lee Blaylock, and that even though the complaint and information were not changed and altered by the physical action of the county attorney and the court, they were changed and altered for all intents and purposes by the actual instructions of the court and the county attorney.

■ Had the complaint been amended, under the holdings of this Court in Blackman v. State, 156 Tex.Cr.R. 288, 242 S.W. 2d 441, and Givens v. State, 155 Tex.Cr.R. 409, 235 S.W.2d 899, the amendment would have vitiated the complaint.

Lazenberry v. State, 50 Tex.Cr.R. 357, 97 S.W. 87, is to the same effect.

■ However, the authorities are to the effect that the information may be amended when the accused suggests that his correct name is not that stated in the complaint and information. See Arts. 496, 497 and 503, C.C.P.

The case of Wilson v. State, 6 Tex.App. 154, shows a situation similar to that before us. The complaint and information charged the commission of the offense by John Smith. The defendant suggested to the court that his name was not John Smith but was John Wilson, whereupon the court ordered the style of the cause changed so as to give the true name of the defendant, and that the information *and other papers* in the cause be amended, which was accordingly done as to the information, and further ordered that the cause proceed to trial as if the true name had been first recited correctly.

The contention that the complaint should also have been changed so as to charge the same person named in the information, as it read after the amendment, was overruled under the authority of Patillo v. State, 3 Tex.App. 442, holding that the court had no right to amend the complaint. The amendment of the information was upheld and the conviction was affirmed. The court said:

"The information was amended, the style of the cause was changed, and the cause thereafter proceeded in the true name of the defendant, as suggested by himself. Up to the time of this suggestion by him, no objection is or can be urged to the legality or regularity of the proceedings. The information was based upon a complaint, and corresponded in every particular with it. In amending the information, the prosecution or case, as commenced by the State, was not changed; it was simply a change of the name of the defendant and the style of the cause, and, though changed, the crime and the defendant were still the same."

Though the court's instructions here were broad enough to include the complaint, the same was true in the Wilson case abovecited. Here, as in the Wilson case, the complaint was not in fact changed or altered. It appears in the transcript in the same wording as it was when sworn to and filed and so remained throughout the trial.

■ As in the Wilson case, up to the time the appellant suggested that her surname was Blaylock and not Blaylark, as alleged in the complaint and information, no objection to the legality of the procedure was tenable. See Art. 495, C.C.P. The information was based upon a complaint and corresponded in every particular with it.

The county attorney asked permission to amend the complaint and information after it was suggested by appellant and her counsel that her name was Blaylock and not Blaylark. What was done amounted to no more than to change the style of the cause. The offense and the defendant were still the same.

It is true that in the Wilson case it was held that the defendant alone could ask to have the information changed, whereas here appellant objected to the amendment of either the complaint or information.

■ Having objected to being placed on trial under the complaint and information alleging her name to be Blaylark and suggested her true name, the trial court was not without authority to have the name corrected in the information and proceed with the trial under the newly styled cause. See Arts. 496 and 503, C.C.P.; Gaytan v. State, 116 Tex.Cr.R. 215, 32 S.W.2d 361.

Also as in the case of the complaint, the information was not in fact physically changed or altered.

■ The fact that the trial judge certifies in the bill that the complaint as well as the information "were changed and altered for all intents and purposes by the actual instructions of the court and the county attorney", though neither was in fact physically altered, has given us some concern. We have reached the conclusion, however, that such certification is but the expression of a legal opinion upon a matter which is shown by the record and which we are in equally favorable position to pass upon.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

Rehearing denied.

DAVIDSON, Judge (dissenting).

It is my opinion that when the trial court certified in the bill of exception that "even though the complaint and information were not changed and altered by the physical action of the County Attorney and the Court, they were changed and altered for all intent and purposes by the actual instructions of the Court and the County Attorney," he certified reversible error, because a complaint cannot be amended. 12 Tex.Jur., Sec. 252, p. 576; Wilson v. State, 6 Tex.App. 154; Patillo v. State, 3 Tex. App. 442; Lazenberry v. State, 50 Tex. Cr.R. 357, 97 S.W. 87; Phariss v. State, 136 Tex.Cr.R. 504, 126 S.W.2d 981; Hedspeth v. State, 143 Tex.Cr.R. 627, 160 S.W. 2d 928; Givens v. State, 155 Tex.Cr.R. 409, 235 S.W.2d 899; Blackman v. State, 156 Tex.Cr.R. 288, 242 S.W.2d 441; Broadhead v. State, 157 Tex.Cr.R. 634, 252 S.W. 2d 194; Balbuena v. State, Tex.Cr.App., 262 S.W.2d 727.

In his charge, the trial court instructed the jury to the effect that the appellant, Willie Lee Blaylock, stood charged before the court by information charging that "she, the said Willie Lee Blaylock, did then and there unlawfully possess for the purpose of sale alcoholic beverages * * *."

The complaint which appears in this record does not support or authorize that information or instruction, because it charges Willie Lee Blaylark with a violation of the law. An information, to be valid, must be predicated upon a valid complaint. Branch's P.C., Sec. 476, p. 247.

So if the complaint was amended as the trial court certifies that it was, then the conviction cannot stand for that reason. If the complaint was not amended, then the information which the trial court submitted to the jury and the conviction thereunder were not supported by a valid complaint.

The complaint was either amended or it was not. In either event, under the instant record the conviction cannot stand.

The judgment of the trial court should, in obedience to the trial court's certificate of error, be reversed and the cause remanded.

I respectfully enter my dissent to the affirmance of the conviction.