**Genevieve Florence SANTOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36627.**

Court of Criminal Appeals of Texas.

March 4, 1964.

Rehearing Denied April 29, 1964.

Second Motion for Rehearing Denied June 10, 1964.

John J. Browne, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Edward N.

Shaw, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of marihuana; the punishment, three years.

Officers of the Houston Police testified that armed with a search warrant they went to appellant's apartment, and when she opened the door they executed the warrant and on a coffee table in front of her found a purse which contained letters and identification cards bearing her name and a cellophane bag containing three cigarettes which were later proven by a chemist to contain marihuana.

Appellant did not testify or offer any evidence before the jury in her own behalf.

The sole question presented on appeal is the validity of the search warrant. The affidavit and the warrant are one instrument. The description of the premises to be searched appears only in the affidavit. The warrant incorporates the affidavit by reference. In the absence of the jury, Officer Gentry, one of the affiants to the affidavit for the search warrant, testified that he and his fellow officer went to the office of Justice of the Peace W. C. Ragan, made an affidavit and secured a search warrant from the Judge, but that within 10 minutes thereafter, and before they reached the place to be served, he discovered that a typographical error had been made by the secretary in that the affidavit contained the digit 6 after the word apartment number. He testified that they immediately returned to the Judge's office, and at their request, the Judge wrote the digit 2 in ink over the typewritten 6 and initialed such change, following which they executed the warrant by searching apartment number 2 where appellant resided. He denied that he ever secured the keys to apartment number 6 from the apartment house manager or that he searched such apartment.

Appellant called Mrs. Davis, the apartment house manager, and her friend, Mrs. Hartman, who testified that on the day in question a man came to the apartment house, exhibited credentials and a warrant, asked for the key to apartment number 6, which was furnished him, and which he later returned to Mrs. Davis, and then left. Neither of the ladies were able to identify any of the Narcotic Officers who were brought into the courtroom as being the man about whom they had testified.

Judge W. C. Ragan testified that his search warrant book showed that he issued a warrant to Officer Gentry and his associate to search apartment number 2 at the address in question and identified his initials and the digit 2 on the warrant as being in his handwriting and as having been changed by him "before they executed the warrant" fom the number 6 as "first written up".

Officer Chavez corroborated Gentry's testimony that they did not speak to the apartment house manager and did not search apartment number 6.

The court resolved any conflict that might have existed in the evidence against appellant, and we find no abuse of discretion in admitting the fruits of the search.

■ We do not agree that the above facts constitute an alteration of the affidavit so as to render the warrant void. Reliance is had, among other authorities, upon Buchannan v. State, 114 Tex.Cr.R. 418, 25 S.W.2d 838. Though the opinion does not reveal such facts, the record does show that the Justice of the Peace in that case testified that he did not know if the initials were inserted before or after the search, and the Sheriff's testimony is silent on the question. This is not a case where alterations were made by one party in the affidavit of another and which had already been filed such as was the case in Broadhead v. State, 157 Tex.Cr.R. 634, 252 S.W. 2d 194, nor is it a case where there was a

parole agreement to add certain descriptions at a later date as in Rives v. State, 107 Tex.Cr.R. 370, 296 S.W. 576.

■ We have concluded that when the officers discovered a typographical error in the affidavit and went back to the Magistrate who had administered the oath to them originally and requested that he make their affidavit speak the truth before they executed the warrant, they in effect swore to the affidavit as corrected and it was not necessary for them to again go through the formalities of holding up their hands and having the oath administered to them a second time. Vaughn v. State, 146 Tex.Cr. R. 586, 177 S.W.2d 59. This in effect was a new affidavit and a new warrant.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

Upon a re-consideration of appellant's contention that the search warrant is invalid, we have concluded that such contention was properly disposed of originally.

Appellant now urges two other contentions for reversal which she did not brief and present on original submission.

■ She complains of the admission of the testimony of an officer that the appellant lived at the apartment in question. The court overruled her objection that it was not admissible unless the officer knew such fact of his own knowledge.

The evidence reveals that as the officers approached the apartment they saw the appellant open the door. When she was informed they had a search warrant, "She turned around and started walking back into her apartment,—" where her husband was sitting on the couch. Officer Gentry testified, without objection, that he had been previously to the apartment. No reversible error is reflected in admitting this testimony.

■ Appellant also urges error in the admission of the testimony of a chemist as to the results of an analysis of the contents of a capsule, over her objection that the capsule had not been identified, or had it been marked for identification or introduced in evidence.

Officer Ford testified that he found a gelatin capsule, containing a brown powder, on the floor directly in front of the coffee table where the appellant was sitting. In response to his question as to whom the capsule belonged, the appellant said: "That is mine. I will take it." Officer Ford testified that he turned the capsule over to the crime laboratory by dropping it into the lock box on the fourth floor of the police station.

Chemist McDonald, supervisor of the crime laboratory, testified that records were kept of the narcotics submitted to the crime laboratory for analysis; that he did not recall seeing Officer Ford turn the capsule in to the laboratory, but stated that the records reflected that he submitted the capsule to the crime laboratory for analysis, that the number was L16051, and that he removed the capsule, analyzed it, and it contained one grain of heroin.

The testimony sufficiently identified the capsule and authorized the admission of the testimony concerning it before the jury. The fact that the capsule was not marked by the court reporter for identification or introduced in evidence would not alone exclude proper testimony pertaining to it.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.