**Gerald FRANKLYN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–88–00089–CR.**

Court of Appeals of Texas, El Paso.

Nov. 16, 1988.

Robert B. Wales, El Paso, for appellant.

Herb Fleming, City Prosecutor, David C. Caylor, City Atty., El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a conviction for violation of the El Paso Zoning Code. Appellant, Gerald Franklyn, was found guilty by the El Paso Municipal Court and assessed a fine of $1,000.00, plus the statutory tax of $2.00. Judgment was affirmed by the El Paso Municipal Court of Appeals. We reverse.

On September 5, 1985, a complaint was filed charging Appellant with knowingly failing to discontinue and cease operations of El Cine Adult Theater and Bookstore located at 314 South Oregon. Just prior to the trial of this cause, the complaint against Appellant was amended to correct his name. The complaint identified the Appellant as "Jerry Franklin". Appellant's attorney pointed out the error in the name and acquiesced in the alteration of the complaint. Consequently, the name was lined out, and the name "Gerald Franklyn" was handwritten on the face of the complaint.

In Point of Error No. One, Appellant contends that the complaint against him was fatally defective because it was altered by amendment and, as such, the trial court had no jurisdiction to hear the case and to impose sentence. In response, the State alleges that the correction was one of form, expressly approved by the Appellant.

 The Texas Court of Criminal Appeals has consistently held that the name of the defendant as stated in the complaint may not be changed by amendment. *Blaylock v. State,* 161 Tex.Cr.R. 346, 276 S.W.2d 835 (1955); *Givens v. State,* 155 Tex.Cr.R. 409, 235 S.W.2d 899 (1951); *Blackman v. State,* 156 Tex.Cr.R. 288, 242 S.W.2d 441 (1951); *Phariss v. State,* 136 Tex.Cr.R. 504, 126 S.W.2d 981 (1939). The rule is based upon the proposition that a complaint or affidavit which is materially amended or changed is no longer the affidavit of the affiant thereto and, therefore, is not the sworn accusation of anyone. *Givens v. State,* 155 Tex.Cr.R. 409, 235 S.W.2d 899, 900.

 The State asserts, however, that the above cited cases are distinguishable because there, the corrections were done over an objection or without the consent of the accused. Whereas, here, the correction in the instant case was initiated by the Appellant. We have determined it matters not.

In *Blaylock v. State,* the Court of Criminal Appeals faced a similar issue when deciding the validity of an amended complaint. 161 Tex.Cr.R. 346, 276 S.W.2d 835 (1955). In that case, the defendant was charged under the name "Blaylark" rather than "Blaylock." The defendant informed the court that her name was incorrectly spelled in both the complaint and information. Though the complaint was not physically altered or changed, the prosecution was allowed to inform the jury that they were to consider the complaint and information to read as being "filed against Willie Lee Blaylock instead of Willie Lee Blaylark." *Blaylock* at 837. The Court of Criminal Appeals allowed the unusual procedure, but noted at 837:

> Had the complaint been amended, under the holdings of this Court in *Blackman v. State,* 156 Tex.Cr.R. 288, 242 S.W.2d 441 and *Givens v. State,* 155 Tex.Cr.R. 409, 235 S.W.2d 899, the amendment would have vitiated the complaint.

It appears the law is well settled that there can be no alteration of the defendant's name or the spelling thereof as it is alleged in a complaint. Appellant's Point of Error No. One is sustained.

The judgments of the courts below are reversed and the complaint ordered dismissed.