**James Randolph HESS, a/k/a James Randolph Jess, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–081–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 18, 1997.

Rehearing Overruled Oct. 23, 1997.

Richard S. Podgorski, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Yolanda M. Joosten, Doug Wilder, Rick Daniel, Asst. Dist. Attys., Robert Huttash, State Pros. Atty., Denton, for Appellee.

Before CAYCE, C.J., and BRIGHAM and SHIRLEY W. BUTTS (Retired) (Sitting by Assignment), JJ.

## OPINION

SHIRLEY W. BUTTS, Justice (Retired).

James Randolph Hess a/k/a James Randolph Jess appeals his conviction for the misdemeanor offense of driving while intoxicated. Appellant pleaded guilty to the jury. The trial court assessed punishment at 540 days in the Denton County Jail and a fine of $1000.

The sufficiency of the evidence is not challenged. Appellant brings five points of error. In the first two points of error, appel-

lant contends that the trial court committed reversible error by denying his motion to quash the complaint and information based on the incorrect allegation of his name. In point of error three, he maintains that the trial court erred in amending his name on the complaint. In the last two points of error, he asserts that it was error for the trial court to permit the State to introduce evidence of extraneous offenses when appellant had not received notice pursuant to Texas Rules of Criminal Evidence 404(b) and 609(f). We affirm.

Appellant seeks to demonstrate error that may be raised on appeal despite a plea of guilty, that is, error of a constitutional dimension. *See Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 635–36 (1974), *overruled on other grounds, Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Courtney v. State*, 904 S.W.2d 907, 909 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). The *Helms* rule would not preclude consideration of a jurisdictional defect. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972).

Before trial, appellant filed a motion to quash the complaint and information against him, and the trial court conducted a pretrial hearing. In the complaint and information, his name was alleged as "James Randolph Jess." It is mandatory that the complaint reflect the accused's name or state that the name is unknown and give a sufficient description of the accused. *See* Tex. Code Crim. Proc. Ann. art. 15.05 (Vernon 1977). It is also required that the information state his name. *See* Tex.Code Crim. Proc. Ann. art. 21.21(4) (Vernon 1989).

Appellant filed the motion to quash, stating that his name was incorrectly alleged as Jess. But at the pretrial hearing, the prosecutor announced that the State would proceed on the complaint and information because appellant was known by both Hess and Jess.

The prosecutor pointed out, and the record reflects, that the appearance bond, which the trial court considered at the hearing, lists appellant's name as James Randolph Hess a/k/a James Randolph Jess. The prosecutor stated that appellant also gave the officer a driver's license that was issued in California under the name of James Randolph Jess. The affidavit for the arrest warrant filed with the complaint and information states that his name is James Randolph Hess. The prosecutor said, "He goes by two names," and announced to the court that the State would proceed on the complaint and information as filed. The State did not request an amendment or cause the trial court to amend the instruments. It is a general rule that a defendant may be tried under any name by which he is known. *See* Tex.Code Crim. Proc. Ann. art. 21.07 (Vernon Supp.1997). The case could proceed at that time on a valid complaint and information.

The trial court then stated to appellant and his counsel that there is no requirement that a person be charged under his proper name, but if he brings it to the court's attention, the court can adjust it by interlining to reflect the proper name. The court reminded appellant that the State had not moved to amend. The court denied the motion to quash the complaint and information.

While it is true that article 5, section 12(b) of the Texas Constitution applies to both indictments and informations, it does not apply to complaints. It provides, in part, "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." Tex. Const. art. 5, § 12(b). Therefore, in the present case, the information supported by a valid complaint vested the court with jurisdiction of the cause.

After a jury was selected and sworn, the defense counsel requested:

[DEFENSE COUNSEL]: Judge, we would like this defendant's name to reflect properly in the Complaint and Information as James Randolph Hess, H-e-s-s, not Jess, J-e-s-s.

THE COURT: I'll interlineate that.

. . . .

THE COURT: Defense counsel requested the Complaint and Information reflect the true name of James Randolph Hess, H-e-s-s, as opposed to James Randolph Jess, J-e-s-s. The Court has amended the Complaint and Information to reflect Hess,

as opposed to Jess, pursuant to that request.

The case then proceeded before the jury, and appellant pleaded guilty. The court's charge contains the requested name of Hess. After the punishment hearing, the court pronounced the punishment.

Appellant did not deny that Jess was his alias, and the judgment recites his name as Hess a/k/a Jess. We agree that appellant could have been tried under the name of Jess. Rejecting the court's offer to proceed, appellant requested the amendments of *both* the complaint and the information. The information only could have been amended at appellant's request to reflect his "true" name, and there would be no variance. *See* Tex. Code Crim. Proc. Ann. art. 21.22 (Vernon 1989); *see also Blaylock v. State,* 161 Tex. Crim. 346, 276 S.W.2d 835, 836–37 (1955).

Appellant did not ask the court to amend the instruments until after his motion to quash had been denied. Because the motion to quash was based solely on the use of the alias "Jess," appellant himself eliminated the reason to set aside the complaint and information by requesting that the alias of Jess be deleted and Hess substituted, which the court did. Appellant is in no position to complain of the denial of his motion to quash because he refused to accept the court's offer to proceed on the complaint and information and instead requested the amendments, thereby discrediting his motion. The first two points of error are overruled.

Appellant urges that the complaint was erroneously amended. The rule is well settled that the name of the defendant as stated in the complaint may not be changed by amendment, nor may it be added by amendment if omitted. *See Givens v. State,* 155 Tex.Crim. 409, 235 S.W.2d 899, 900 (1951). Amending a complaint vitiates the complaint. *See Blaylock,* 276 S.W.2d at 837.

Article 5, section 12(b) of the Texas Constitution provides in part that the presentment of an indictment or information vests the court with jurisdiction of the cause. An information may be properly amended. *See* Tex.Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). However, the constitutional provision does not apply to complaints, nor does article 28.10 or article 1.14(b). *See* Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.1997); *see also Huynh v. State,* 901 S.W.2d 480, 481 (Tex.Crim.App.1995).

The correction of a defendant's name in a complaint and information vitiates the complaint because the correction is not that which was sworn to by the affiant. *See Wynn v. State,* 864 S.W.2d 539, 540 (Tex. Crim.App.1993). Prosecutions based upon complaints and informations are governed by articles 15.04–.05 and similar statutes such as articles 21.20, 21.21, and 21.22 of the Texas Code of Criminal Procedure. *Id.; see also* Tex.Code Crim. Proc. Ann. arts. 15.04–.05 (Vernon 1977); Tex.Code Crim. Proc. Ann. arts. 21.20, 21.21, 21.22 (Vernon 1989).

■ A valid complaint is a prerequisite to a valid information. *See Holland v. State,* 623 S.W.2d 651, 652 (Tex.Crim.App.1981); *State v. Pierce,* 816 S.W.2d 824, 827 (Tex. App.—Austin 1991, no pet.). However, when an original complaint and information are proper, as here, the trial court has jurisdiction over the case, and a new complaint is not required to amend an information. *See Ho v. State,* 856 S.W.2d 495, 498 (Tex.App.—Houston [1st Dist.] 1993, no pet.); *Dixon v. State,* 737 S.W.2d 134, 135 (Tex.App.—Fort Worth 1987, pet. ref'd); *see also Driver v. State,* 170 Tex.Crim. 130, 339 S.W.2d 208, 209 (1960) (op. on reh'g).

In *Hampton,* amendment of the date in the original complaint was upheld as permissible. The jurat, showing the same to have been sworn to by the affiant, was in place, as was all other material information. This was a matter of form and not substance. *Hampton v. State,* 157 Tex.Crim. 244, 248 S.W.2d 488, 489 (1952). We agree that under the applicable law, the complaint in the present case should not have been amended to change the name of the accused.

### Invited Error

■ The defendant, as a general rule, may not complain on appeal of errors invited by him. An accused cannot invite error and then complain about it on appeal. *See Banks v. State,* 624 S.W.2d 762, 764 (Tex.App.—

Houston [14th Dist.] 1981), *rev'd on other grounds,* 656 S.W.2d 446 (Tex.Crim.App. 1983). This rule applies whether or not the error is perceived to be fundamental. In *Cadd,* the defendant requested a jury charge that was fundamentally erroneous. The Court of Criminal Appeals first reversed the case because the charge instructed the jury to convict on a theory not alleged in the indictment. On rehearing, the court affirmed the judgment, holding that the defendant was in no position to complain since the erroneous charge given by the court was requested by him. *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Crim.App.1979) (op. on reh'g).

In the present case, appellant requested the amendment of the complaint. Appellant remained silent and did not object at trial that the court erroneously amended the complaint; he asserts this for the first time on appeal. If there was error, it was error created by appellant. It was stated in *Ho* that if an originally valid complaint and information are amended in such a manner that the amended pleadings are defective, the defect is one of form or substance, not jurisdiction, because the trial court already had jurisdiction of the case. *Ho,* 856 S.W.2d at 498. Here, the court already had proper subject matter jurisdiction when appellant requested and invited the error of amendment of the complaint. We hold that, under the facts of this case, appellant is therefore estopped to complain on appeal of his requested amendment of the complaint. The third point of error is overruled.

### Extraneous Offenses

 In points of error four and five, appellant asserts that evidence of extraneous offenses was improperly introduced because he did not receive timely notice as required by Texas Rules of Criminal Evidence 404(b) and 609(f). The State gave him notice the day before trial.

Rule 404(b) provides that upon timely request by the accused, reasonable notice will be given by the State in advance of trial of the intent to introduce evidence of other crimes, wrongs, or acts in the State's case in chief. TEX.R.CRIM. EVID. 404(b). Rule 609(f) requires that, for purposes of impeachment of witnesses, timely notice must be given. TEX.R.CRIM. EVID. 609(f).

In this case, after hearing appellant's argument about timely notice, the court ruled that the State would not introduce any evidence of extraneous offenses in its case in chief. "I don't think the State will attempt to introduce it [DWI conviction] on guilt/innocence."

During the punishment hearing before the court, appellant testified. When his counsel asked the question, "I believe you received some DWIs before; is that correct?", he answered, "Yes, sir." He affirmed on direct examination that one conviction was in Bell County, and he was placed on probation. He established that he was convicted for DWI in Parker County and also received probation then.

It is a settled rule that any error in admission of evidence is cured by admission of the same evidence elsewhere without objection. *See Willis v. State,* 785 S.W.2d 378, 383 (Tex.Crim.App.1989). Any error in admission of evidence was cured when appellant testified to the same evidence. When a defendant testifies in his own behalf and admits the truth of the evidence to which he previously objected, he waives his right to claim he was harmed by the introduction of such evidence over his objection. *See Ochoa v. State,* 573 S.W.2d 796, 798 (Tex.Crim.App. 1978). Here, appellant objected to untimely notice of extraneous offenses, seeking to exclude them from evidence. However, he introduced the same extraneous offenses, thereby waiving all objections.

Moreover, under article 37.07, section 3(a) of the Texas Code of Criminal Procedure, the evidence of the two previous convictions for DWI was relevant for punishment determination. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1997). Points of error four and five are overruled.

The judgment is affirmed.