

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00049-CR

_____

RODRICK LAWRENCE HURST, Appellant

V.

The State of Texas

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1461897D

---

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

# MEMORANDUM OPINION

Appellant Rodrick Lawrence Hurst appeals from the trial court's sentence on his conviction for assault of a family member by impeding the normal breathing or circulation of the blood of the person.[1]  *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B).  In two issues, he contends that the trial court violated his due process and erred by arbitrarily discounting the statutory option to render a probated sentence.  Because we hold that Appellant invited the trial court's decision of which he now complains, we affirm.

## DISCUSSION

The State contends that Appellant invited the error he now alleges.  "The defendant, as a general rule, may not complain on appeal of errors invited by him.  An accused cannot invite error and then complain about it on appeal."  *Hess v. State*, 953 S.W.2d 837, 840 (Tex. App.—Fort Worth 1997, pet. ref'd); *see also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).  "This rule applies whether or not the error is perceived to be fundamental."  *Franks v. State*, 90 S.W.3d 771, 781 (Tex. App.—Fort Worth 2002, no pet.).  We thus look at the trial record to see if Appellant invited the trial court to make the error he now complains of.

Appellant took the stand in the sentencing part of the trial and referenced probation in his testimony, stating that he could "stay on the right path as far as

---

[1]Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we omit a recitation of the facts.  *See* Tex. R. App. P. 47.1.

probation is concerned for [his daughter]" and that he "could definitely stay true to staying on [his] task that probation would require of [him]."

In his closing argument, Appellant's attorney stated that "sending him to jail will not solve the problem of this family" and that "[w]e're hopeful that he can complete a period of community supervision." Appellant's attorney and the trial court then had this exchange:

> THE COURT: So, Counsel, I have a quick question for you.
>
> [Appellant's Attorney]: Yes, Judge.
>
> THE COURT: Due to the enhanced nature of it, **the only thing that I'm able to do is place him on a deferred adjudication—**
>
> [Appellant's Attorney]: **Yes**, Your Honor.
>
> THE COURT:**—correct**?
>
> [Appellant's Attorney]: **Yes**. And we're asking for the maximum sentence, **deferred**, ten years.
>
> THE COURT: Okay. Thank you very much. You may proceed.
>
> [Appellant's Attorney]: And so we—we are asking not only with regard to that so that he can move on with his life, so that he can try to get his physical therapy license, again, so he can become a productive member of society, stay a productive member of society and have an impact.
>
> . . . .
>
> And **we ask that you place him on deferred** not only to ensure that that relationship—they stay apart from each other, but **also you have the full range of punishment ahead of you if he is to violate it**. There is nothing here that—no one here said that they're afraid of [Appellant] or that society should be worried about [him].

3

So I [do not] want it to seem like we're asking for something where we're taking—taking a jail sentence off the table. If [Appellant]—and **he's fully aware of it—if he violates the conditions that you place on him, the full range of punishment is available** to you, Judge. [Emphasis added.]

Appellant's attorney reassured the trial court that it was correct in its understanding that "the only thing that [it was] able to do" was place Appellant on deferred adjudication, i.e., that "straight" probation was not available. Further, Appellant's attorney specifically "ask[ed] that [the trial court] place him on deferred." He also noted that he understood that the trial court would have the full range of punishment if he violated his conditions, an implicit reference to deferred adjudication. *See Weed v. State*, 891 S.W.2d 22, 25 (Tex. App.—Fort Worth 1995, no pet.) (noting that the availability of the full range of punishment arises in the revocation of deferred adjudication but not with revocation of straight probation); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). Accordingly, to the extent the trial court erred by failing to consider straight probation, Appellant invited that error and may not now complain of it. We overrule Appellant's issues.

## CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment.

4

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 30, 2019