

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00194-CR

———————————————

LAMAR CANTRAIL AUSTIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1695647

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

By information, Appellant Lamar Cantrail Austin was charged with failure to identify by intentionally giving a false name and that at the time of the offense, he was a fugitive from justice, a Class A misdemeanor. *See* Tex. Penal Code Ann. § 38.02(b), (d)(2). The information also included a repeat offender notice consisting of a 2019 Class A misdemeanor conviction for the same offense.[1] A jury convicted Austin of the offense and assessed his punishment at a $4,000 fine and one year in jail. The trial court sentenced Austin accordingly, and Austin appealed.[2] Austin subsequently failed to prosecute his appeal and, further, failed to keep this court and the trial court informed of his whereabouts, so we submitted his case without briefs. We hold that the record shows no fundamental error and affirm the trial court's judgment.

## I. Background

Before trial, the trial court appointed an attorney to represent Austin, but Austin insisted on representing himself pro se notwithstanding the trial court's warnings about the inadvisability of proceeding without counsel. At trial, Austin reaffirmed that he did not want an attorney and that he wanted to represent himself

---

[1]The enhancement changed Austin's range of punishment from a fine not to exceed $4,000, confinement in jail for a term not to exceed a year, or both, *id.* § 12.21, to a fine not to exceed $4,000, confinement in jail for a term of not more than one year or less than 90 days, or both, *id.* § 12.43(a).

[2]The jury convicted Austin of two offenses and assessed punishment on both. Austin's notice of appeal, however, identified only one of the two. We review only the conviction for which he filed a notice of appeal.

2

pro se despite the trial court's admonitions to the contrary. After hearing the evidence, a jury found Austin guilty and assessed his punishment at a $4,000 fine and one year in jail.

After trial, Austin indicated that he wanted to appeal. The trial court urged him to accept an appointed appellate attorney, but he declined the offer. Austin further declined to sign a document that the trial court had handed him. Contextually, the document appeared to have been a notice of appeal. The record does not contain the form notice of appeal typically signed by a defendant. Austin was taken immediately into custody.

Twenty-eight days later, in a "Certificate of Proceedings," the trial court set Austin's appeal bond amount at $500. Another document with the same date identified the conditions of any appeal bond that Austin might file, and one of those conditions was that Austin had to provide the Tarrant County Community Supervision and Corrections Department a "current, accurate residential address . . . throughout the period of supervision and notify the . . . supervision officer of any address change within five days from the date of the change." Also on that same date, Austin filed a handwritten pro se notice of appeal.

Thereafter, the court reporter filed a fourteen-volume reporter's record, and the clerk filed a one-volume clerk's record. Austin's brief was due originally on November 27, 2023. When Austin did not file an appellate brief, we reset his briefing

3

deadline to December 27, 2023. But by January 8, 2024, Austin still had not filed an appellate brief.

Complicating the matter, our correspondence to Austin was returned by the post office. Austin was not in the Tarrant County jail.[3] Although not entirely clear, Austin appeared to have filed an appeal bond. We abated the appeal and remanded the case to the trial court to determine, among other things, if it had any information regarding Austin's address or location. *See* Tex. R. App. P. 38.8(b)(2). As noted, one of the conditions of any appeal bond was that Austin had to keep the probation department apprised of his address. The trial court, however, responded that it had no information regarding Austin's whereabouts.

In a criminal case, when an appellant does not file a brief, we cannot dismiss the appeal. Tex. R. App. P. 38.8(b)(1). We can, however, submit the case without briefs. *See* Tex. R. App. P. 38.8(b)(4); *McHenry v. State*, No. 04-20-00015-CR, 2021 WL 260248, at *1 (Tex. App.—San Antonio Jan. 27, 2021, no pet.) (per curiam) (mem. op., not designated for publication). We have done so in Austin's case.

## II. Standard

When considering a case without briefs, we review the entire appellate record to determine if fundamental error exists. *See Williams v. State*, 654 S.W.3d 222, 223 (Tex. App.—Fort Worth 2022, no pet.). Fundamental errors include (1) the denial of

---

[3]The record contained Austin's CID number. Tarrant County has a website on which inmates in the county jail can be located. *See* Tarrant County, Texas, Inmate Search, https://inmatesearch.tarrantcounty.com (last visited Apr. 22, 2024).

the right to counsel, (2) the denial of the right to a jury trial, (3) the denial of ten days' preparation before trial for appointed counsel, (4) the absence of jurisdiction over the defendant, (5) the absence of subject-matter jurisdiction, (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution, (7) jury charge errors resulting in egregious harm, (8) holding trials at a location other than the county seat, (9) prosecution under an ex post facto law, and (10) comments by a trial judge that taint the presumption of innocence. *Savage v. State*, No. 02-21-00064-CR, 2022 WL 557488, at *3 (Tex. App.—Fort Worth Feb. 24, 2022, no pet.) (mem. op., not designated for publication).

## III. Discussion

At trial, Austin challenged the trial court's jurisdiction. He maintained that he was a Moorish National. Consistent with that assertion, Austin possessed an "Allodial American National Identification Card" that identified his nationality as "Moor American."[4] Despite this evidence, the trial court asserted jurisdiction over both Austin and his case.

And the trial court did so correctly. The trial court, as a county court, had jurisdiction to hear misdemeanor cases. Tex. Const. art. V, § 16; Tex. Gov't Code

---

[4]An "alodium" or "allodium" is defined as (1) "a form of estate among 11th century Anglo-Saxons in which absolute possession and control were vested in the holder—opposed to *feodum*" and (2) "land that is the absolute property of the owner: real estate held in absolute independence without being subject to any rent, service, or acknowledgment to a superior." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/alodium (last visited Apr. 22, 2024). The identification card purportedly makes its possessor tax exempt.

Ann. § 25.2223(a).  The trial court thus had subject-matter jurisdiction.  Turning to personal jurisdiction, the indictment or information is what gives a trial court personal jurisdiction over a defendant.  *See Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003) ("[T]he mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant . . . ."); *Hess v. State*, 953 S.W.2d 837, 840 (Tex. App.—Fort Worth 1997, pet. ref'd).  Here, the State charged Austin by information.  The trial court thus had personal jurisdiction over Austin.

We have reviewed the appellate record and have found no fundamental error.  Accordingly, we affirm the trial court's judgment.  *See Baiyeri v. State*, No. 02-22-00074-CR, 2023 WL 7037624, at *2 (Tex. App.—Fort Worth Oct. 26, 2023, no pet.) (mem. op., not designated for publication); *Williams*, 654 S.W.3d at 224.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 2, 2024