**Frank KELLEY, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 116–91.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1992.

John E. Hill, III, Lubbock (Court-appointed), for appellant.

Travis S. Ware, Dist. Atty. and Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Frank Kelley, III, appellant, was convicted of delivery of cocaine upon his plea of guilty to the court. The court sentenced him to twenty years confinement in the Texas Department of Justice, Institutional Division. He appealed and, in an unpublished opinion, the Court of Appeals reversed his conviction. We granted the State's petition for discretionary review to determine whether a defendant must be granted a ten day continuance under article 28.10, V.A.C.C.P., when the court corrects the indictment to reflect the defendant's true name as is authorized by article 26.08, V.A.C.C.P.[1] We will reverse the Court of Appeals and affirm the conviction.

Appellant initially intended to plead guilty to the charge pursuant to an agreed plea bargain, however, at the presentment of his guilty plea to the court on May 1, 1990, appellant was unable to respond satisfactorily to the court's admonishments so the trial judge refused to accept his plea. While appellant was before the court, the judge read the cause number and the style of the indictment, he then asked the appellant "You are Frank Kelly?" Appellant responded that he was. The judge noted that "it [had been] brought to [his] attention that [appellant's] name is Frank Kelley, rather that Frank Ronnie Kelly". (It is unclear by whom, or how that fact was brought to the trial court's attention.[2]) Appellant responded that his name was Frank Kelley, III. The court then stated, "Okay, then I am going to enter an order changing the name so the record will be correct ... As I understand you were arraigned and did not call it to the attention of the court at that time. So we can do this proceeding under Frank Ronnie Kelly or Frank Kelley, either one." There was no objection to this by appellant; he replied, "I wish you would proceed under Frank Kelley, III." This exchange ultimately ended with the withdrawal of appellant's guilty plea. The case was set for a jury trial on May 3, 1990.

On May 3, 1990, following the completion of the pretrial hearings and the empanelment of the jury, but before appellant had entered his plea, the trial court entered the correct name of the appellant on the docket sheet and in the indictment. At that point appellant objected to the judge changing the indictment to reflect his true name on the grounds that,

> the name change comes about as a suggestion from the defendant in the form of a request to the court to proceed under a different name, and we are not asking, we are objecting to any amendment.... In any event I think that it is an amendment. We are going to object to the amendment at this stage in time.

---

1. We also granted review on the second ground presented by the State, that article 28.10 is subject to a harmless error analysis under rule 81(b)(2), Tex.R.App.Pro. We do not reach that issue in this opinion, but have previously decided that 81(b)(2) is not applicable to errors under article 28.10. *Brown v. State,* 1991 WL 241689 (Tex.Cr.App.1991); *Young v. State,* 796 S.W.2d 195 (Tex.Cr.App.1990).

2. Appellant had been previously arraigned upon this same indictment and pleaded not guilty to it without requesting that his name be changed.

**302**

Request that the court deny the amendment, and in the alternative if the court grants the amendment, I submit to the court we are entitled to 10 days to prepare on the new amendment, and request that the court grant a continuance in this matter.

The court then denied appellant's motion for continuance.

Article 26.08, V.A.C.C.P. provides:

If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment.

The trial judge stated at the hearing on May 1, 1990, that he was going to enter an order changing appellant's name. Appellant did not object, in fact, he acquiesced: "I wish you would...." The court did not effect the change upon the indictment and the docket sheet until appellant returned for his trial on May 3, 1990. Appellant claims that the name change was not made pursuant to article 26.08 but was an amendment of the indictment pursuant to article 28.10, V.A.C.C.P.

Appellant argued at trial and on appeal that because the indictment was amended "the court [should have] allow[ed] [him] not less than ten days" continuance and that the court's failure to do so constituted reversible error.

 We disagree. Article 28.10, V.A.C.C.P. is not applicable. The name change of the defendant does not constitute an amendment as that term is perceived by article 28.10, V.A.C.C.P.

 Article 26.08, V.A.C.C.P. controls. The act of changing the name of the defendant is a ministerial act. *See Jones v. State*, 504 S.W.2d 442 (Tex.Cr.App.1974).

 Appellant did not object to the trial court's stated intent, on May 1, 1990, to enter an order changing appellant's name in the indictment rather, he requested and acquiesced in it. It does not matter that the change was not made until the date of appellant's trial; he had agreed to it. Appellant can not now complain that the change of his name in the indictment was error; his objection was waived. Art. 1.14, V.A.C.C.P. "A defendant may not create reversible error by his own manipulation." *Beasley v. State*, 634 S.W.2d 320, 321 (Tex. Cr.App.1982).[3]

The judgment of the Court of Appeals is reversed. The judgment of conviction is affirmed.

**3.** *See and Compare, Bell v. State*, 582 S.W.2d 800 (Tex.Cr.App.1979), cert. denied 453 U.S. 913, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981); *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975); *Ex Parte Guerrero*, 521 S.W.2d 613 (Tex.Cr.App. 1975).