**Emmett James WYNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 228–93.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1993.

David M. Eisen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Julie Klibert and Steve Baldassano, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of possession with intent to deliver a controlled substance.

---

Health & Safety Code, § 481.112. The trial judge assessed punishment at thirty years confinement and a $10,000.00 fine. The Court of Appeals affirmed. *Wynn v. State,* 847 S.W.2d 357 (Tex.App.—Houston [1st Dist.] 1993). We granted appellant's petition for discretionary review to determine whether the Court of Appeals decided a question of state law in conflict with the applicable decisions of this Court. Tex.R.App.P. 200(c)(3). We will affirm.

## I.

The caption of appellant's indictment correctly stated appellant's name as "Emmett James Wynn a/k/a James Jackson." However, the body of the indictment incorrectly referred to appellant as "Emmett James a/k/a James Jackson." After the jury was impaneled and sworn the prosecutor read the indictment, reading appellant's name as "Emmett James a/k/a James Jackson," and appellant pled not guilty. Immediately following appellant's plea the prosecutor asked the trial judge to determine appellant's true and correct name. Appellant responded, "Emmett James Wynn." The prosecutor moved the trial judge to correct the indictment and note the name change in the minutes of the Court. The trial judge granted the motion and, over appellant's objection, the indictment was corrected.

## II.

■ The Court of Appeals held the trial judge did not err in correcting appellant's name on the indictment. *Wynn v. State,* 847 S.W.2d at 361–62. The Court of Appeals relied upon our opinion in *Kelley v. State,* 823 S.W.2d 300 (Tex.Cr.App.1992), where we held "[t]he name change of the defendant does not constitute an amendment as that term is perceived by article 28.10, V.A.C.C.P." *Id.,* 823 S.W.2d at 302. Howev-

er, the Court of Appeals further stated "[w]e recognize the Court of Criminal Appeals has held to the contrary in other cases," citing *Blackman v. State,* 242 S.W.2d 441 (Tex.Cr. App.1951); *Givens v. State,* 235 S.W.2d 899, 900 (Tex.Cr.App.1951); *and, Lazenberry v. State,* 50 Tex.Crim. 357, 97 S.W. 87, 88 (1906). *Wynn,* 847 S.W.2d at 362.

In *Blackman, Givens, and, Lazenberry,* we held that the correction of a defendant's name in a complaint and information vitiates the complaint because the correction is not that which was sworn to by the affiant. *See, Blackman,* 242 S.W.2d at 441; *Givens,* 235 S.W.2d at 900; *and, Lazenberry,* 97 S.W. at 88. Prosecutions based upon complaints and informations are governed by Tex.Code Crim.Proc.Ann. art. 15.04 *et. seq.,* and similar statutes such as arts. 21.20, 21.22.; *See, generally Aguilar v. State,* 846 S.W.2d 318, 321 (Tex.Cr.App.1993) (Baird, J., dissenting). However, appellant was charged by indictment and the correction of a defendant's name in the indictment is governed by Tex. Code Crim.Proc.Ann. arts. 26.07 and 26.08.[1] Consequently, our holding in *Kelley* is not in conflict with our holdings in *Blackman, Givens, and, Lazenberry.*

## III.

■ Appellant next contends the disposition of the instant case is controlled by our decision in *Brown v. State,* 828 S.W.2d 762 (Tex.Cr.App.1991). In *Brown,* the indictment incorrectly alleged the first name of the complainant. After both sides presented evidence the State moved the trial judge to strike the first name of the complainant from the indictment as surplusage. *Id.,* 828 S.W.2d at 763. The Court of Appeals in *Brown* "assume[d] without deciding" that the trial judge violated art. 28.10 but held Brown was not harmed by the violation. Tex.

---

1. Tex.Code Crim.Proc.Ann. art. 26.07 provides:

When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.

Art. 26.08 provides:

If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had bee first recited in the indictment.

R.App.P. 81(b)(2). *Id.* We granted review for the limited purposes of determining whether violations of Tex.Code Crim.Proc. Ann. art. 28.10 were subject to a harm analysis under Rule 81.(b)(2). We determined they were not. *Id.,* 828 S.W.2d at 764. We then remanded the case to the Court of Appeals to determine whether a violation of art. 28.10 occurred. *Id.*

*Brown* is distinguishable from the instant case. In *Brown* the name of the *complainant* was changed, whereas in the instant case the name of the *defendant* was changed. The change of the complainant's name may be an amendment to the indictment under art. 28.10. *See, Ward v. State,* 829 S.W.2d 787 (Tex.Cr.App.1992); *and, Brown v. State,* 843 S.W.2d 709 (Tex.App.—Dallas 1992) (opinion on remand). However, correcting the indictment to reflect the true name of the defendant does *not* constitute an amendment, *Kelley,* 823 S.W.2d at 302, rather such a correction is a ministerial act under Tex. Code Crim.Proc.Ann. art. 26.08. *Kelley,* 823 S.W.2d at 302.

For these reasons, appellant's sole ground for review is overruled and the judgment of the Court of Appeals is affirmed.