COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-042-CR

NO. 2-06-043-CR

NO.
2-06-044-CR

 

KENYEN DAMON MOORE                                                      APPELLANT

A/K/A

KENYAN
DYWANE MOORE

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Kenyen Damon Moore of the possession of morphine of 200 or more grams but less
than 400 grams in trial court cause number 0966446D (2-06-042-CR) (Athe morphine case@), the possession of more than 400 grams of hydrocodone in trial court
cause number 0948877D (2-06-044-CR) (Athe hydrocodone case@), and the possession of cocaine of 200 grams or more but less than
400 grams with the intent to deliver in trial court cause number 0948879D
(2-06-043-CR) (Athe cocaine
case@).  In the cocaine and
hydrocodone cases, the trial court entered deadly weapon findings and, upon
Appellant=s pleas of
true, entered findings of true on the repeat offender allegations.  The trial court sentenced Appellant to
twenty-three years= confinement
in the Institutional Division of the Texas Department of Criminal Justice in
each of the three cases, with the sentences to run concurrently.  In nine points, Appellant contends that the
evidence is legally insufficient to support the convictions in the cocaine and
hydrocodone cases, factually insufficient to support all three convictions, and
legally and factually insufficient to support the deadly weapon findings.  In a tenth point, he contends that the trial
court abused its discretion by entering the deadly weapon finding on the
judgment in the hydrocodone case because the oral pronouncement did not include
a deadly weapon finding.  Because we hold
that the evidence is legally and factually sufficient and that the trial court
did not abuse its discretion, we affirm the trial court=s judgments.








In his first three points,
Appellant contends that the evidence is factually insufficient to support the
three verdicts, relying on the absence of evidence about complaints of drug
trafficking at the house, the absence of fingerprint evidence, Appellant=s absence from the house at the time the search warrant was executed,
Appellant=s cousin
Phil Cross=s possession
of a key to the locked master bedroom, evidence that Cross occupied the second
bedroom, and evidence that Cross had used cocaine.  In his sixth, seventh, eighth, and ninth
points, relying on the same evidence, Appellant contends that the evidence is
legally and factually insufficient to support the affirmative deadly weapon
findings in the cocaine and hydrocodone cases.

On September 2, 2004, at
about 10:30 a.m., the police went to 701 Salisbury Drive, Arlington, Tarrant
County, Texas pursuant to a domestic disturbance call.  The evidence showed that the three-bedroom
home was in a high-crime area, had a burglar bar door blocking entry to the
front door, and had a camera mounted outside. 
The evidence also showed that Appellant and Cross lived at the house,
with Appellant in the master bedroom and Cross in the second bedroom.  Appellant kept the master bedroom locked, but
Cross also had a key to it, even though he told the officers that the house
belonged to Appellant, which Appellant later confirmed in a conversation with
the police on Cross=s cell
phone.  There was no evidence that the
other rooms in the house were kept locked.








In the master bedroom,
identified as Appellant=s through
the statements that Cross and Appellant=s girlfriend made to the police as well as through the current utility
and cable bills addressed to Appellant and found therein, the police discovered
a loaded .380 caliber handgun on the bed, a loaded .45 and a loaded nine-millimeter
black and silver Beretta pistol on the dresser, a pistol grip shotgun on the
armoire, a box of .45 caliber rounds and current utility bills inside the
dresser, and a magazine of .45 rounds in the night stand.  In the safe in Appellant=s closet, they found hydrocodone and alprazolam.

In the second bedroom, the
police found an old citation issued to Appellant at a different address,
hydrocodone on the floor, powder cocaine, baggies, gel caps, Cross=s medical records, MoneyGram receipts, and other personal papers
belonging to Cross.








The police found a digital
scale and morphine in the third bedroom closet. 
In the kitchen, the police discovered hydrocodone.  Based on the appropriate standard of review,[2]
we hold that the evidence is factually sufficient to link Appellant to all the
drugs and drug paraphernalia and therefore factually sufficient to support his
convictions for possession in the morphine case and the hydrocodone case and
his conviction for possession with intent to deliver in the cocaine case.  We overrule Appellant=s first three points.








In the discussion of his
points concerning the deadly weapon findings, Appellant additionally relies on Wynn
v. State[3]
and Jackson v. State[4]
to support his argument that the evidence insufficiently links him to the
guns.  In Wynn, A[t]he officers did not find the guns or the drugs in the middle
bedroom, the only room identified with [Wynn].@[5]  Here, the only place guns were
found was Appellant=s
bedroom.  In Jackson, no evidence
discussed in the opinion showed that she had access to or possession of the house
searched, and the weapons were not on display.[6]  In the case before us, Cross, Appellant=s girlfriend, and Appellant all indicated to the police that Appellant
owned the house, the weapons were on display only in the bedroom identified as
Appellant=s, and some
of the drugs were located in the safe in that closet.  Additionally, the remaining drugs and
evidence of intent to deliver were scattered throughout the remainder of the
house, and no evidence suggested that Appellant lacked access to any of those
roomsCthe kitchen, Cross=s bedroom, and the third bedroom. 
Consequently, based on the appropriate standards of review,[7]
we hold that the evidence is legally and factually sufficient to support the
deadly weapon findings.  We overrule
Appellant=s sixth,
seventh, eighth, and ninth points.








In his fourth and fifth
points, Appellant contends that the evidence is legally and factually
insufficient to support his conviction in the hydrocodone case because the
stipulation admitted concerning the forensic chemist=s anticipated testimony does not refer to any content analysis or
other expert testimony or evidence affirming the chemical makeup of State=s Exhibit 18.  Put simply,
Appellant contends that there is no evidence or insufficient evidence to
support the determination that he possessed hydrocodone in the amount allegedCmore than 400 grams.  The
stipulation provides that the chemist would have testified that State=s Exhibit 14 was hydrocodone, a controlled substance, and consisted of
238 pills weighing 154.49 grams.  He
would have also testified that State=s Exhibits 14 and 18 together weighed over 400 grams.  Appellant is correct that the stipulation
does not address the makeup of the contents of Exhibit 18.  However, Detective Curtis Petis testified
without objection that Exhibit 18 consisted of three bottles of hydrocodone
pills.  No conflicting evidence was
admitted.  Consequently, based upon the
appropriate standards of review,[8]
we hold that the evidence was legally and factually sufficient to support
Appellant=s conviction
for possession of more than 400 grams of hydrocodone.  We overrule Appellant=s fourth and fifth points.     In
his tenth point, Appellant contends that the trial court abused its discretion
by including a deadly weapon finding on the judgment in the hydrocodone case
because the oral pronouncement did not include a deadly weapon finding.  As the Texas Court of Criminal Appeals has
explained, however,








A
deadly‑weapon finding . . . is not part of the sentence.  While a deadly‑weapon finding does
affect a defendant's eligibility for probation and parole, it does not alter
the range of punishment to which the defendant is subject, or the number of
years assessed.  A deadly‑weapon
finding may affect how the sentence is served, but it is not part of the
sentence.  Thus, a trial court is not
required to orally announce a deadly‑weapon finding at sentencing if the
allegation of use of a deadly weapon is clear from the face of the indictment.[9]

 

The deadly weapon allegation appears on the face
of the indictment in the hydrocodone case. 
Consequently, the trial court did not abuse its discretion by including
the deadly weapon finding in the written judgment even though the deadly weapon
finding did not appear in the oral pronouncement of the sentence.  We overrule Appellant=s tenth point.

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgments.

 

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN,
and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
April 19, 2007











[1]See Tex. R.
App. P. 47.4.





[2]See Watson v. State, 204 S.W.3d
404, 414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d
795, 799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim.
App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)
(all providing the standard of review); see also Poindexter v. State,
153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (providing Aaffirmative links@ rule).





[3]847 S.W.2d 357 (Tex. App.CHouston [1st Dist.]), aff=d, 864 S.W.2d 539 (Tex. Crim. App. 1993).





[4]857 S.W.2d 678 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).





[5]Wynn, 847 S.W.2d at 360-61.





[6]Jackson, 857 S.W.2d at 682.





[7]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005) (both providing legal sufficiency standard of review); Watson,
204 S.W.3d at 414-15, 417; Drichas, 175 S.W.3d at 799; Sims, 99
S.W.3d at 603; Johnson, 23 S.W.3d at 8-9, 11-12; Cain, 958 S.W.2d
at 407 (all providing factual sufficiency standard of review); see also
Poindexter, 153 S.W.3d at 405-06 (providing Aaffirmative links@ rule).





[8]See Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Hampton, 165 S.W.3d at 693 (both providing legal sufficiency
standard of review); Watson, 204 S.W.3d at 414-15, 417; Drichas,
175 S.W.3d at 799; Sims, 99 S.W.3d at 603; Johnson, 23 S.W.3d at
8-9, 11-12; Cain, 958 S.W.2d at 407 (all providing factual sufficiency
standard of review).





[9]Ex parte Huskins, 176 S.W.3d 818, 820-21 (Tex.
Crim. App. 2005).