COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-042-CR

NO. 2-06-043-CR

NO. 2-06-044-CR

KENYEN DAMON MOORE APPELLANT

A/K/A

KENYAN DYWANE MOORE

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Kenyen Damon Moore of the possession of morphine of 200 or more grams but less than 400 grams in trial court cause number 0966446D (2-06-042-CR) (“the morphine case”), the possession of more than 400 grams of hydrocodone in trial court cause number 0948877D (2-06-044-CR) (“the hydrocodone case”), and the possession of cocaine of 200 grams or more but less than 400 grams with the intent to deliver in trial court cause number 0948879D (2-06-043-CR) (“the cocaine case”).  In the cocaine and hydrocodone cases, the trial court entered deadly weapon findings and, upon Appellant’s pleas of true, entered findings of true on the repeat offender allegations.  The trial court sentenced Appellant to twenty-three years’ confinement in the Institutional Division of the Texas Department of Criminal Justice in each of the three cases, with the sentences to run concurrently.  In nine points, Appellant contends that the evidence is legally insufficient to support the convictions in the cocaine and hydrocodone cases, factually insufficient to support all three convictions, and legally and factually insufficient to support the deadly weapon findings.  In a tenth point, he contends that the trial court abused its discretion by entering the deadly weapon finding on the judgment in the hydrocodone case because the oral pronouncement did not include a deadly weapon finding.  Because we hold that the evidence is legally and factually sufficient and that the trial court did not abuse its discretion, we affirm the trial court’s judgments.

In his first three points, Appellant contends that the evidence is factually insufficient to support the three verdicts, relying on the absence of evidence about complaints of drug trafficking at the house, the absence of fingerprint evidence, Appellant’s absence from the house at the time the search warrant was executed, Appellant’s cousin Phil Cross’s possession of a key to the locked master bedroom, evidence that Cross occupied the second bedroom, and evidence that Cross had used cocaine.  In his sixth, seventh, eighth, and ninth points, relying on the same evidence, Appellant contends that the evidence is legally and factually insufficient to support the affirmative deadly weapon findings in the cocaine and hydrocodone cases.

On September 2, 2004, at about 10:30 a.m., the police went to 701 Salisbury Drive, Arlington, Tarrant County, Texas pursuant to a domestic disturbance call.  The evidence showed that the three-bedroom home was in a high-crime area, had a burglar bar door blocking entry to the front door, and had a camera mounted outside.  The evidence also showed that Appellant and Cross lived at the house, with Appellant in the master bedroom and Cross in the second bedroom.  Appellant kept the master bedroom locked, but Cross also had a key to it, even though he told the officers that the house belonged to Appellant, which Appellant later confirmed in a conversation with the police on Cross’s cell phone.  There was no evidence that the other rooms in the house were kept locked.

In the master bedroom, identified as Appellant’s through the statements that Cross and Appellant’s girlfriend made to the police as well as through the current utility and cable bills addressed to Appellant and found therein, the police discovered a loaded .380 caliber handgun on the bed, a loaded .45 and a loaded nine-millimeter black and silver Beretta pistol on the dresser, a pistol grip shotgun on the armoire, a box of .45 caliber rounds and current utility bills inside the dresser, and a magazine of .45 rounds in the night stand.  In the safe in Appellant’s closet, they found hydrocodone and alprazolam.

In the second bedroom, the police found an old citation issued to Appellant at a different address, hydrocodone on the floor, powder cocaine, baggies, gel caps, Cross’s medical records, MoneyGram receipts, and other personal papers belonging to Cross.

The police found a digital scale and morphine in the third bedroom closet.  In the kitchen, the police discovered hydrocodone.  Based on the appropriate standard of review,
(footnote: 2) we hold that the evidence is factually sufficient to link Appellant to all the drugs and drug paraphernalia and therefore factually sufficient to support his convictions for possession in the morphine case and the hydrocodone case and his conviction for possession with intent to deliver in the cocaine case.  We overrule Appellant’s first three points.

In the discussion of his points concerning the deadly weapon findings, Appellant additionally relies on 
Wynn v. State
(footnote: 3) and 
Jackson v. State
(footnote: 4) to support his argument that the evidence insufficiently links him to the guns.  In 
Wynn
, “[t]he officers did not find the guns or the drugs in the middle bedroom, the only room identified with [Wynn].”
(footnote: 5)  Here, the only place guns were found was Appellant’s bedroom.  In 
Jackson
, no evidence discussed in the opinion showed that she had access to or possession of the house searched, and the weapons were not on display.
(footnote: 6)  In the case before us, Cross, Appellant’s girlfriend, and Appellant all indicated to the police that Appellant owned the house, the weapons were on display only in the bedroom identified as Appellant’s, and some of the drugs were located in the safe in that closet.  Additionally, the remaining drugs and evidence of intent to deliver were scattered throughout the remainder of the house, and no evidence suggested that Appellant lacked access to any of those rooms—the kitchen, Cross’s bedroom, and the third bedroom.  Consequently, based on the appropriate standards of review,
(footnote: 7) we hold that the evidence is legally and factually sufficient to support the deadly weapon findings.  We overrule Appellant’s sixth, seventh, eighth, and ninth points.

In his fourth and fifth points, Appellant contends that the evidence is legally and factually insufficient to support his conviction in the hydrocodone case because the stipulation admitted concerning the forensic chemist’s anticipated testimony does not refer to any content analysis or other expert testimony or evidence affirming the chemical makeup of State’s Exhibit 18.  Put simply, Appellant contends that there is no evidence or insufficient evidence to support the determination that he possessed hydrocodone in the amount alleged—more than 400 grams.  The stipulation provides that the chemist would have testified that State’s Exhibit 14 was hydrocodone, a controlled substance, and consisted of 238 pills weighing 154.49 grams.  He would have also testified that State’s Exhibits 14 and 18 together weighed over 400 grams.  Appellant is correct that the stipulation does not address the makeup of the contents of Exhibit 18.  However, Detective Curtis Petis testified without objection that Exhibit 18 consisted of three bottles of hydrocodone pills.  No conflicting evidence was admitted.  Consequently, based upon the appropriate standards of review,
(footnote: 8) we hold that the evidence was legally and factually sufficient to support Appellant’s conviction for possession of more than 400 grams of hydrocodone.  We overrule Appellant’s fourth and fifth points. In his tenth point, Appellant contends that the trial court abused its discretion by including a deadly weapon finding on the judgment in the hydrocodone case because the oral pronouncement did not include a deadly weapon finding.  As the Texas Court of Criminal Appeals has explained, however,

A deadly-weapon finding . . . is not part of the sentence.  While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed.  A deadly-weapon finding may affect how the sentence is served, but it is not part of the sentence.  Thus, a trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment.
(footnote: 9)

The deadly weapon allegation appears on the face of the indictment in the hydrocodone case.  Consequently, the trial court did not abuse its discretion by including the deadly weapon finding in the written judgment even though the deadly weapon finding did not appear in the oral pronouncement of the sentence.  We overrule Appellant’s tenth point.

Having overruled all of Appellant’s points, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  April 19, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing the standard of review); 
see also Poindexter v. State
, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (providing “affirmative links” rule).

3:
847 S.W.2d 357 (Tex. App.—Houston [1st Dist.]), 
aff’d
, 864 S.W.2d 539 (Tex. Crim. App. 1993).

4:
857 S.W.2d 678 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).

5:
Wynn
, 847 S.W.2d at 360-61.

6:
Jackson
, 857 S.W.2d at 682.

7:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review); 
Watson
, 204 S.W.3d at 414-15, 417; 
Drichas
, 175 S.W.3d at 799; 
Sims
, 99 S.W.3d at 603; 
Johnson
, 23 S.W.3d at 8-9, 11-12; 
Cain
, 958 S.W.2d at 407 (all providing factual sufficiency standard of review); 
see also Poindexter
, 153 S.W.3d at 405-06 (providing “affirmative links” rule).

8:
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693 (both providing legal sufficiency standard of review); 
Watson
, 204 S.W.3d at 414-15, 417; 
Drichas
, 175 S.W.3d at 799; 
Sims
, 99 S.W.3d at 603; 
Johnson
, 23 S.W.3d at 8-9, 11-12; 
Cain
, 958 S.W.2d at 407 (all providing factual sufficiency standard of review).

9:
Ex parte Huskins
, 176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005).