

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00164-CR

**RICKY LAYFIELD A/K/A RICKEY LAYFIELD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. Fisc 14-22143**

## MEMORANDUM OPINION

In two issues, appellant, Ricky Layfield a/k/a Rickey Layfield, challenges his conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2018). Specifically, Layfield contends that the trial court erred by: (1) allowing the State to amend the indictment over his objection and then refusing to grant him a ten-day reset of the trial; and (2) denying his oral motion to suppress. Because we overrule both issues, we affirm.

## I. THE INDICTMENT

In his first issue, Layfield argues that the trial court erred by allowing the State to amend the indictment on the day of trial to reflect a name change—from "Michael J. Gardner, Jr." to "Ricky Layfield." According to Layfield, this change constituted an amendment to the indictment and entitled him to a ten-day reset of the trial.

On February 25, 2014, an indictment was issued against Michael J. Gardner, Jr., charging him with the aggravated sexual assault of K.H. The caption, however, stated that the indictment referred to Ricky Layfield.

Following his arrest on this charge, Layfield filed a Waiver of Arraignment, which was dated February 28, 2014, and was styled "The State of Texas vs. Ricky Layfield." Additionally, the waiver also noted the following: "Defendant would further state to the Court that the Defendant's name is correctly set forth and spelled as follows: Ricky Layfield."

Thereafter, the State filed a motion to amend the indictment, seeking to change the name on the indictment from "Michael J. Gardner, Jr." to "Ricky Layfield." This motion was not ruled on by the trial court until trial.

Two trial settings occurred in the interim, and Layfield did not object to the indictment at either setting. On February 14, 2017, prior to the State's opening statement, the State requested that the trial court address the pending motion to amend the indictment. In particular, the State argued that the indictment should be corrected to

reflect Layfield's true name pursuant to article 26.08 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.08 (West 2009).

Layfield objected to the State's attempt to amend the indictment, arguing that the change constituted an amendment to the indictment pursuant to article 28.10 of the Code of Criminal Procedure and, thus, entitled him to a ten-day reset of the trial. *See id.* art. 28.10 (West 2006). The State countered that there was no reason to delay the trial court because the case had been pending for two-and-a-half to three years and Layfield could not have been surprised by the State's request.

Ultimately, the trial court granted the State's request to amend the indictment and denied Layfield's request for a ten-day reset of the trial. Specifically, in its order, the trial court noted the following:

> On the 3 day of Feb., 2017, the State's Motion to Amend Indictment was considered by the Court and the defendant waived any objection to the amended indictment.
>
> IT IS THEREFORE ORDERED THAT the State's Motion to Amend Indictment is GRANTED and that the original indictment shall be read as set forth in the State's Motion to Amend the Indictment.

Thereafter, the State interlineated Layfield's name in place of Gardner's. Afterwards, the indictment was read to Layfield, who pleaded "Not guilty" to the charge.

The purpose of naming the accused in the indictment is for identification, which is "a matter of form which can easily be altered at the election of the accused." *Jones v. State*, 504 S.W.2d 442, 444 (Tex. Crim. App. 1974); *see* TEX. CODE CRIM. PROC. ANN. art.

26.08. The act of changing the name of the defendant in the indictment is a ministerial act. *See Jones*, 504 S.W.2d at 442; *see also Kelley v. State*, 823 S.W.2d 300, 302 (Tex. Crim. App. 1992). Moreover, changing the defendant's name is not an amendment to the indictment for purposes of article 28.10 of the Code of Criminal Procedure. *See Kelley*, 823 S.W.2d at 302; *see also Wynn v. State*, 864 S.W.2d 539, 541 (Tex. Crim. App. 1993).

Nevertheless, Layfield contends that the *Kelley* case and prior related cases are distinguishable from the instant case because those cases involved corrections to indictments that concerned names that a defendant was known by or where the indictment only contained the defendant's last name. Layfield argues that the change to the indictment in this case is an amendment because the amended indictment charges an entirely different person. We are not persuaded by this argument.

Subsequent to the *Kelley* decision, other Texas courts have concluded that a name change in an indictment, such as the change involved here, is a ministerial act that falls under article 26.08 and is not an amendment under article 28.10. *See Wynn*, 864 S.W.2d at 540 (concluding that a name change in an indictment from "Emmett James a/k/a James Jackson" to "Emmett James Wynn a/k/a James Jackson" was not an amendment under article 28.10, but rather was a ministerial act under article 26.08); *Friesel v. State*, 931 S.W.2d 587, 591-92 (Tex. App.—San Antonio 1996, pet. ref'd) (involving a two-paragraph indictment that correctly listed the defendant's name in the first paragraph, but incorrectly listed a co-defendant's name in the second paragraph and concluding that

correcting the second paragraph to show the defendant's name was "a purely ministerial correction" under article 26.08 and not an amendment under article 28.10).

The *Wynn*, *Kelley*, and *Friesel* cases demonstrate that it does not matter whether the name change is to correct spelling, an alias, a nickname or last name, or to correct an entirely different name; rather, so long as the indictment charges a "person" with an offense, a name change in an indictment is a ministerial act that does not constitute an article 28.10 amendment. *See Wynn*, 864 S.W.2d at 540; *Kelley*, 823 S.W.2d at 302; *Friesel*, 931 S.W.2d at 591-92; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.08. Therefore, we reject Layfield's contention that the name change in this case amounted to an article 28.10 amendment to the indictment. And because the name change involved here does not implicate article 28.10, we cannot say that the trial court erred by denying Layfield's request for a ten-day reset of the trial. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10. Accordingly, we overrule his first issue.

## II.    ORAL MOTION TO SUPPRESS

In his second issue, Layfield asserts that the trial court erred by denying his oral motion to suppress evidence because the search warrant only permitted the police to seize bodily fluids, not take a buccal swab, which "is a non-invasive tissue sample taken from [the] inside of a person's cheeks."

To preserve a complaint for appellate review, a defendant must raise the complaint to the trial judge by a timely request, objection, or motion that specifically

identifies the grounds for the ruling he seeks. TEX. R. APP. P. 33.1(a)(1)(A). A defendant's appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection grounded on one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The reviewing court will not consider errors, even of constitutional magnitude, not called to the trial court's attention. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

At trial and in his appellant's brief, Layfield argued for the suppression of DNA evidence obtained from a buccal swab conducted by Sergeant Armando Paniagua of Coryell County Sheriff's Office. Specifically, at trial, Layfield contended that the complained-of evidence should be suppressed because Sergeant Paniagua did not include "bodily fluids" in Section 3 of the application. However, on appeal, Layfield asserts that although the search warrant authorized the collection of a buccal swab for "bodily fluids," a buccal swab does not collect a "bodily fluid," but rather collects a tissue sample, which was not specified in the search warrant. In other words, the argument Layfield makes on appeal does not comport with the argument he made at the suppression hearing. And because Layfield's argument on appeal does not comport with the argument made during the suppression hearing, Layfield failed to preserve error in this issue. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Wilson*, 71 S.W.3d at 349; *Broxton*, 909 S.W.2d at 918; *Rezac*, 782 S.W.2d at 870. Accordingly, we overrule Layfield's second issue.

### III.  CONCLUSION

Having overruled both of Layfield's issues on appeal, we affirm the judgment of

the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Senior Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 20, 2019
Do not publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).