# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00533-CR

**Carolyn Machalec Barnes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 02-1777-1, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Carolyn Machalec Barnes guilty of interfering with a peace officer and assessed a thirty-day jail term and a $1000 fine. *See* Tex. Pen. Code Ann. § 38.15 (West 2003). On the jury's recommendation, the trial court suspended imposition of sentence and placed appellant on community supervision. We will sustain appellant's contention that the evidence is legally insufficient to support the verdict, reverse the judgment of conviction, and render an acquittal. Because of our disposition of the evidence sufficiency point, we do not reach appellant's other contentions.

### *Factual Background*

On March 6, 2002, Department of Public Safety Trooper Mark Koenig stopped appellant's pickup truck for speeding. Appellant's seven-year-old son was also in the truck.

Because of busy highway traffic, Koenig approached appellant's vehicle on the passenger side and opened the door to speak to appellant. He testified that he opened the door because of the noise of the truck's diesel engine and because "it appeared that the driver was signaling for me to open the door, that they couldn't reach it." The opening of her truck's door angered appellant, who began to berate the officer about the stop and his conduct. Koenig closed the truck's door and continued to speak to appellant through the open passenger window. He then returned to his patrol car to verify appellant's identity.

As Koenig sat in his patrol car, appellant's truck began to slowly move forward and to the right, away from the lanes of traffic. Koenig called for assistance, then he returned to the pickup, ordered appellant to stop, and instructed her to get out of the truck. Appellant stopped moving forward but remained inside the truck. To prevent appellant's further movement, one of the officers who responded to Koenig's call for assistance, Deputy Ralph Fisher, parked his patrol vehicle in front of appellant's truck and Koenig moved his vehicle forward to appellant's back bumper.

Appellant did not comply with Koenig's repeated requests to open her windows, unlock her doors, and accept the speeding citation. She also refused to get out of her truck or to turn off the truck's engine. For the most part, she ignored the officers; at one point, she appeared to be reading a book. About ten minutes into the incident, appellant began searching in her purse and under her seat. Koenig, fearing that appellant was reaching for a weapon, drew his service weapon, pointed it at appellant, and ordered her to show her hands. Koenig repeatedly asked appellant to keep her hands in view throughout the remainder of the incident.

Approximately forty minutes after the stop, and after consulting by phone with a superior officer, Koenig advised appellant that she was under arrest for evading arrest and refusing to accept the speeding citation. He then broke a window in appellant's truck and opened the doors. Koenig restrained appellant while Fisher attempted to restrain appellant's son. Appellant shouted for the boy to run. He first turned as if to run onto the highway, then ran to a nearby gas station where he was stopped by a civilian.

The entire incident was videotaped by a camera in Koenig's patrol car. The tape, with some edits made in response to appellant's objections, was shown to the jury.

### *Legal Background*

"A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." Tex. Pen. Code Ann. § 38.15(a)(1).[1] A person is criminally negligent with respect to the result of her conduct when she ought to be aware of a substantial and unjustifiable risk that the result will occur. *Id*. § 6.03(d).

In April 2002, a complaint and information were filed alleging that on or about March 6, 2002, appellant:

---

[1] Section 38.15 also proscribes interference with persons performing emergency medical services, fire fighters who are fighting or investigating a fire, animals being used for law enforcement or related purposes, and emergency radio transmissions. Tex. Pen. Code Ann. § 38.15(a)(2)-(5) (West 2003).

did then and there while M. Koenig, a peace officer, was performing a duty or exercising authority imposed or granted by law, to wit: issuing a traffic citation, with criminal negligence, interrupt, disrupt, impede, or interfere with the said M. Koenig by refusing to comply with M. Koenig's lawful order to roll down her window or unlock and open her door.

On June 23, 2003, the day appellant's trial was set to begin, the State moved to amend the information. The motion was granted over appellant's objection. The court's order granting the motion reads as follows:

> Having heard the State's motion to amend the information, it is hereby ordered that the information in the above-entitled cause be amended to read as follows: to delete on the filed information the paragraph beginning "while M. Koenig, a peace officer" and ending with "open her door" and replace it with the following: "with criminal negligence interrupt, disrupt, impede, and otherwise interfere with the said M. Koenig by driving her vehicle forward while the said defendant was lawfully detained; and by directing her minor child to leave her vehicle and run in an area near traffic; and by continuously refusing to obey orders regarding officer safety, while M. Koenig, a peace officer, was performing a duty or exercising authority imposed or granted by law, to wit: to preserve the peace within the officer's jurisdiction."

After granting the motion to amend, the court reset the cause for trial in August 2003.[2]

In its charge, the court authorized appellant's conviction if the jury found beyond a reasonable doubt that she:

---

[2] Appellant raises several challenges to the court's grant of the motion to amend. For the purpose of this opinion, we will assume that the information was effectively amended.

4

with criminal negligence interrupt[ed], disrupt[ed], impede[d], and otherwise interfere[d] with M. Koenig by driving her vehicle forward while [she] was lawfully detained; and/or by directing her minor child to leave her vehicle and run in an area near fast-moving traffic; and/or by continuously refusing to obey orders regarding officer safety, while M. Koenig, a peace officer, was performing a duty or exercising authority imposed or granted by law, to wit: to preserve the peace within the officer's jurisdiction . . . .

The court further instructed the jury:

It is the duty of every peace officer to preserve the public peace within the officer's jurisdiction. To effect this purpose, the officer shall employ all lawful means. The officer shall in every case authorized by law interfere without warrant to prevent or suppress crime, and shall arrest offenders without warrant in every case where the officer is authorized by law.

*See* Tex. Code Crim. Proc. Ann. art. 2.13(a), (b)(1), (4) (West Supp. 2004-05). The charge went on to inform the jury that an officer may detain a person who the officer reasonably believes has committed a traffic violation, and that an officer may arrest a person for speeding if that person refuses to make a written promise to appear. *See* Tex. Transp. Code Ann. § 543.001 (West 1999), §§ 543.004(a), .005 (West Supp. 2004-05). In other words, the jury was instructed to convict appellant on a finding that her alleged conduct had negligently interrupted, disrupted, impeded, and otherwise interfered with her detention or arrest for speeding.

### *Sufficiency of Evidence*

Appellant contends that the evidence is legally insufficient to sustain her conviction. In a legal sufficiency challenge, the evidence is viewed in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense

5

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). All evidence before the jury, whether rightly or wrongly admitted, is considered. *Camarillo v. State*, 82 S.W.3d 529, 537 (Tex. App.—Austin 2002, no pet.). When alternative theories of committing the same offense are submitted to the jury in the disjunctive and the jury returns a general verdict of guilty, the verdict will be sustained if the evidence is sufficient to support a finding of guilt under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Appellant's prosecution rests on her lack of cooperation with Officer Koenig as he attempted to cite her for speeding. Although traffic law violations ordinarily result only in a written citation, a violator is subject to warrantless custodial arrest if she refuses to make a written promise to appear. Tex. Transp. Code Ann. §§ 543.001, .005. Even a person who is stopped for speeding—who by statute must be issued a citation—may be taken into custody if she refuses to make a written promise to appear. *Id*. § 543.004(a). Thus, under the transportation code, the consequence for a driver who refuses to accept citation is immediate custodial arrest for the traffic offense. We do not believe that a traffic law violator who directly or indirectly refuses citation may also be prosecuted under section 38.15 on the theory that the refusal disrupts, impedes, or otherwise interferes with the officer's performance of his official duties. The transportation code authority to arrest for a traffic offense would be unnecessary if an officer could arrest a traffic offender for violating section 38.15 under these circumstances.

Moreover, on this record, no rational trier of fact could find beyond a reasonable doubt that appellant negligently interrupted, disrupted, impeded, or otherwise interfered with her

6

detention or arrest "by directing her minor child to leave her vehicle and run in an area near fast-moving traffic." The only evidence supporting this theory of the offense, appellant shouting to her son to run after the officers broke into her truck, consists of speech only and cannot serve as the basis for a conviction under section 38.15. *See* Tex. Pen. Code Ann. § 38.15(d).

Further, no rational trier of fact could find beyond a reasonable doubt that appellant negligently interrupted, disrupted, impeded, or otherwise interfered with her detention or arrest for speeding "by driving her vehicle forward while she was lawfully detained." Appellant had already been detained when she moved her truck forward, and that status was not affected by this conduct. This conduct did not interfere with appellant's arrest because the evidence shows without dispute that the officer was not attempting to arrest appellant at the time she moved forward; the decision to make a custodial arrest came much later in the incident.

Finally, no rational trier of fact could find beyond a reasonable doubt that appellant negligently interrupted, disrupted, impeded, or otherwise interfered with her detention or arrest for speeding "by continuously refusing to obey orders regarding officer safety." The only evidence supporting this allegation is that Koenig repeatedly ordered appellant to keep her hands visible. Koenig testified that these orders were prompted by appellant rummaging through her purse and under the seat of her truck, which led him to fear that she might be reaching for a weapon.[3] But once again, appellant had already been detained, and the decision to arrest had not been made. There is no basis in the record for concluding that the need to repeatedly order appellant to keep her hands visible interfered with either her detention or her arrest.

---

[3] There is no evidence that appellant had a weapon in the truck.

We hold that the evidence is legally insufficient to sustain appellant's conviction, reverse the judgment of conviction, and render a judgment of acquittal.  *See Burks v. United States*, 437 U.S. 1, 15-18 (1978); *Greene v. Massey*, 437 U.S. 19, 24-27 (1978); Tex. R. App. P. 43.2(c).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Rendered

Filed:   May 26, 2005

Publish