TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND







NO. 03-03-00533-CR






Carolyn Machalec Barnes, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 02-1777-1, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Carolyn Machalec Barnes guilty of interfering with a peace
officer and assessed a thirty-day jail term and a $1000 fine. See Tex. Penal Code Ann. § 38.15(a)(1)
(West Supp. 2006). On the jury's recommendation, the trial court suspended imposition of sentence
and placed appellant on community supervision.

On original submission, this Court concluded that the evidence was legally
insufficient to sustain the jury's verdict, reversed appellant's conviction, and rendered a judgment
of acquittal. Barnes v. State, 166 S.W.3d 416, 420 (Tex. App.--Austin 2005). On the State's
petition for discretionary review, the court of criminal appeals reversed our judgment and remanded
the appeal to us for consideration of appellant's remaining points of error. Barnes v. State,
206 S.W.3d 601, 606 (Tex. Crim. App. 2006). These points are: denial of a speedy trial; unlawful
amendment of the information; denial of discovery; unconstitutionality of section 38.15 and of this
prosecution; refusal to suppress evidence; factually insufficient evidence; denial of motions for
mistrial and directed verdict; and cumulative error. We will overrule these points and
affirm the conviction. 

Amendment of Information


The original complaint and information were filed on April 17, 2002. They alleged
that on or about March 6, 2002, appellant:


did then and there while M. Koenig, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to wit: issuing a traffic citation, with
criminal negligence, interrupt, disrupt, impede, or interfere with the said M. Koenig
by refusing to comply with M. Koenig's lawful order to roll down her window or
unlock and open her door.



On June 23, 2003, the day appellant's trial was set to begin, the State moved to amend the
information. The motion was granted over appellant's objection. The court's order granting the
motion reads as follows:


Having heard the State's motion to amend the information, it is hereby
ordered that the information in the above-entitled cause be amended to read as
follows: to delete on the filed information the paragraph beginning "while M.
Koenig, a peace officer" and ending with "open her door" and replace it with the
following: "with criminal negligence interrupt, disrupt, impede, and otherwise
interfere with the said M. Koenig by driving her vehicle forward while the said
defendant was lawfully detained; and by directing her minor child to leave her
vehicle and run in an area near traffic; and by continuously refusing to obey orders
regarding officer safety, while M. Koenig, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to wit: to preserve the peace within
the officer's jurisdiction."



After granting the motion, the court reset the cause for trial in August 2003.

Appellant urges that the original information was not effectively amended because
there was no interlineation of the new language on the face of the original information or on a
photocopy of the original that was incorporated into the clerk's file. See Riney v. State,
28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000). In Riney, the court of criminal appeals overruled
its prior holding that an indictment or information could be amended only by physically altering the
original charging instrument. Id. at 565. The court held that physical interlineation of the original
is an acceptable but not the exclusive means of effecting an amendment. Id. In Riney, a photocopy
of the original instrument on which the State had interlineated the new language, when incorporated
into the record under the direction of the trial court, was held sufficient to accomplish the
amendment. Id. at 565-66.

Under Riney, a charging instrument can be amended by altering the face of the
original instrument or by incorporating into the trial court's file a separate document with the text
of the amended charging language. Barfield v. State, 202 S.W.3d 912, 919
(Tex. App.--Texarkana 2006, pet. ref'd). In the cause before us, the trial court did not merely grant
the State's motion to amend. See Riney, 28 S.W.3d at 566 (holding that neither motion to amend
nor trial judge's granting of motion constitute amendment). Instead, the clerk's record contains the
original information, the State's motion to amend specifically setting out the proposed amendment,
and the court's order, quoted above, that also specifically sets out the amended language. This was
adequate to amend the information. See Barfield, 202 S.W.3d at 921. 

Appellant also contends that the amendment was not timely under article 28.10. See 
Tex. Code Crim. Proc. Ann. art. 28.10 (West 2006). This statute permits the amendment of an
indictment or information prior to the day the trial commences and after the trial commences, but
does not permit an amendment on the day of trial but before the trial commences. State v. Murk,
815 S.W.2d 556, 558 (Tex. Crim. App. 1991); Sodipo v. State, 815 S.W.2d 551, 556 (Tex. Crim.
App. 1991) (op. on reh'g). This contention is without merit because appellant's trial did not begin
on the day of the amendment. Sanders v. State, 978 S.W.2d 597, 599 (Tex. App.--Tyler 1997,
pet. ref'd); see Sanchez v. State, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004).

Finally, appellant argues that the amendment prejudiced her substantial rights because
the amended information is not supported by a complaint. See Tex. Code Crim. Proc. Ann. art.
28.10(c). When the original complaint and information are proper, the trial court has jurisdiction
over the case and a new complaint is not required to amend the information. Hess v. State,
953 S.W.2d 837, 840 (Tex. App.--Fort Worth 1977, pet. ref'd). It is clear from the record that the
amended information was based on the same occurrence and charged the same statutory offense, and
that it merely altered the factual allegations. Appellant had two months to prepare for trial on the
new information. No prejudice to her substantial rights is shown. See Flowers v. State,
815 S.W.2d 724, 729 (Tex. Crim. App. 1991).

Point of error two is overruled.


Constitutional Issues


Appellant contends that the amended information violated the constitutional
separation of powers. See Tex. Const. art. II, § 1. This argument is based on the allegation in the
amended information that Koenig "was performing a duty or exercising authority imposed or granted
by law, to wit: to preserve the peace within the officer's jurisdiction," a clear reference to article
2.13 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 2.13(a) (West 2005). 
Appellant argues that the drafters of the amended information performed a legislative function by
incorporating a portion of article 2.13 in an information alleging a violation of penal
code section 38.15.

Section 38.15(a)(1) provides that it is an offense to interfere with a peace officer
while the officer is performing a duty or exercising authority imposed or granted by law. Article
2.13 defines the duties and powers of peace officers, including the duty to preserve the peace within
an officer's jurisdiction. By incorporating the duty defined in article 2.13, the amended information
merely made specific that which was already stated in section 38.15(a)(1). We find no violation of
the separation of powers. 

Appellant further contends that section 38.15 is unconstitutionally vague and
overbroad. It is a basic principle of due process that an enactment is void for vagueness if its
prohibitions are not clearly defined. Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). A
criminal law must be sufficiently clear in at least three respects: (1) a person of ordinary intelligence
must be given a reasonable opportunity to know what is prohibited; (2) the law must establish
determinate guidelines for law enforcement; and (3) where First Amendment freedoms are
implicated, the law must be sufficiently definite to avoid chilling protected expression. Id. at 108-09; Long v. State, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). When a vagueness challenge
involves First Amendment considerations, a criminal law may be held facially invalid even though
it may not be unconstitutional as applied to the defendant's conduct. Long, 931 S.W.2d at 288. If
First Amendment rights are not implicated, a vagueness challenge will be sustained only if the statute
is vague in all its applications. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,
455 U.S. 489, 495 (1982). Absent First Amendment considerations, a person whose conduct is
clearly proscribed by a statute cannot complain that it is vague as applied to others. Id.

A statute is impermissibly overbroad if, in addition to proscribing activity that may
be forbidden constitutionally, it sweeps within its coverage a substantial amount of expressive
activity protected by the free speech guarantee of the First Amendment. Morehead v. State,
807 S.W.2d 577, 580 (Tex. Crim. App. 1991); State v. Markovich, 34 S.W.3d 21,
23 (Tex. App.--Austin 2000), aff'd, 77 S.W.3d 274, 280 (Tex. Crim. App. 2002). A person whose
own expressive activity may validly be prohibited is permitted to challenge a statute as overbroad
for the benefit of society, to prevent the statute from chilling the constitutionally protected speech
of others not before the court. Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973);
Commission for Lawyer Discipline v. Benton, 980 S.W.2d 425, 435 (Tex. 1998); Markovich,
34 S.W.3d at 24. An overbroad statute may not be enforced, even against expressive activity that
could constitutionally be prohibited by a more narrowly drawn statute. Benton, 980 S.W.2d at 435.

Appellant argues that the State sought to criminalize speech in violation of the First
Amendment by alleging that she interfered with the officer "by directing her minor child to leave her
vehicle and run in an area near traffic." The court of criminal appeals held, however, that this was
conduct rather than speech protected by the First Amendment. Barnes, 206 S.W.3d at 605-06. It
is a defense to prosecution under section 38.15 that the alleged interference with a peace officer
consisted of speech only. Tex. Penal Code Ann. § 38.15(d). This provision is apparently intended
to prevent the application of the statute to persons exercising their free speech right. See Barnes,
206 S.W.3d at 606. Appellant has not demonstrated that section 38.15, on its face or as applied to
her, sweeps within its coverage a substantial amount of expressive activity protected by
the First Amendment.

Under the circumstances, appellant's vagueness challenge must fail unless she
demonstrates that there is no set of circumstances under which the statute would be valid. 
United States v. Salerno, 841 U.S. 739, 745 (1987). In other words, she must show that the statute
is vague in all of its applications. Village of Hoffman Estates, 455 U.S. at 495. The first step in this
determination is to ask whether the statute is impermissibly vague as applied to appellant's specific
conduct. Id; Bynum v. State, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989).

Appellant's vagueness challenge centers on the allegation that she interfered with the
officer's duty "to preserve the peace." She argues that the use of this phrase in the amended
information expands the scope of section 38.15(a)(1) far beyond any reasonable reading of the
statute. She urges that a person of ordinary intelligence would not understand that she could be
prosecuted for interfering with an officer's duty "to preserve the peace" by driving forward slightly
after being stopped for speeding, directing her minor child to leave her vehicle and run to a nearby
store, or by refusing to obey orders regarding officer safety.

We believe that a person of ordinary intelligence would understand that a peace
officer has a duty to preserve the peace. A person of ordinary intelligence would also understand that
this duty encompasses the enforcement of traffic laws, which in turn entails the detention of
motorists for the purpose of issuing citations. Finally, we conclude that a person of ordinary
intelligence would understand that she would unjustifiably risk interfering with this duty by moving
her vehicle forward, by refusing to stop moving when ordered to do so, and by failing to keep her
hands in view as instructed by the officer. Appellant has not demonstrated that section 38.15 is
impermissibly vague as applied to her conduct in this case.

Point of error four is overruled.


Factual Sufficiency


We will not restate the pertinent facts, which were detailed in our original opinion
and in the opinion of the court of criminal appeals. That court held that appellant's conduct
"disrupted" and "imped[ed] [the officer's] attempt to efficiently and speedily serve her with a
citation." Barnes, 206 S.W.3d at 605. This, the court held, was legally sufficient evidence to sustain
appellant's conviction for interfering with the officer's duties. Id. We now address appellant's
contention that the evidence is factually insufficient.

When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979)
(legal sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal
sufficiency); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a
factual sufficiency review, all the evidence is considered equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). 
The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak
as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great
weight and preponderance of the available evidence. Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006); Johnson, 23 S.W.3d at 11.

Applying the above standard of review to the evidence before us, we conclude that
the jury's finding that appellant interfered with the officer's duties is not clearly wrong or manifestly
unjust, nor is it against the great weight and preponderance of the available evidence. Point of error 
six is overruled. 

Speedy Trial


Appellant contends that she was denied her constitutional right to a speedy trial. 
See U.S. Const. amend. VI; Tex. Const. art. I, § 10. In determining whether a defendant has been
denied this right, a court must balance four factors: (1) length of the delay, (2) reason for the delay,
(3) assertion of the right, and (4) prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 530
(1972); Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). The application of these
factors is a legal question subject to de novo review. Johnson, 954 S.W.2d at 771.


Length of Delay

Appellant's trial began on August 11, 2003, seventeen months following her arrest. 
This delay exceeds that needed to trigger a full speedy trial inquiry. See Doggett v. United States,
505 U.S. 647, 651-52 (1992); State v. Munoz, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999). It is
a factor that weighs against the State. Zamorano v. State, 84 S.W.3d 643, 649
(Tex. Crim. App. 2002).


Reason for Delay

The State bears the burden of justifying the delay. Turner v. State, 545 S.W.2d 133,
137 (Tex. Crim. App. 1976). In this case, the State relies on the procedural history of this
prosecution, which reflects that during the seventeen months between appellant's arrest and her trial,
four different judges were assigned to the case and appellant filed voluminous pleadings. However,
an examination of the record shows that most of the delay must be attributed to the State.

March 6, 2002, to October 29, 2002. Appellant was arrested on March 6, but she
was not formally charged until April 17, when the information was filed. That same day,
Judge Don Higginbotham, to whom this case was originally assigned, recused himself because he
had previously represented appellant. The case was reassigned to Judge Kevin Henderson, who
continued the case four times, to October 29. There is no explanation for these continuances in the
record. This seven-month delay is attributable to the State. See Dragoo v. State, 96 S.W.3d 308,
314 (Tex. Crim. App. 2003) (unexplained delay is presumptively unreasonable).

October 29, 2002, to November 12, 2002. The first pretrial hearing was held on
October 29. By this time, appellant had filed three discovery motions and two motions to dismiss
that were themselves largely concerned with discovery issues. The hearing was continued to
November 5 to permit appellant to prepare and file an amended motion for discovery. These two
weeks are largely chargeable to appellant.

November 12, 2002, to January 13, 2003. The State requested a continuance on
November 12 and the State is responsible for the resulting delay. In addition, the 2002 election
resulted in Judge Suzanne Brooks replacing Judge Henderson. On January 13, Judge Brooks recused
herself due to a conflict of interest.

January 13, 2003, to March 28, 2003. Judge William E. Bender was assigned to
preside over this prosecution after Judge Brooks recused herself. This prompted appellant to file a
motion to recuse Judge Bender. The motion was taken up on March 10 and reset for a hearing before
the administrative judge on March 28. On the latter date, Judge B. B. Schraub overruled the recusal
motion. This two-month delay is attributable to appellant.

March 28, 2003, to June 23, 2003. No action was taken in this case during these
three months. No reason for this delay is shown, and therefore it is attributable to the State. See id.

June 23, 2003, to August 11, 2003. The case was set for trial on June 23. On that
date, however, the State filed its motion to amend the information. After a hearing and over
appellant's vigorous objection, the motion to amend was granted and the cause was reset for trial on
August 11. This two-month delay was necessitated by the amendment of the information and is
attributable to the State.

Of the seventeen months that passed between appellant's arrest and her trial, only a
little over two months are chargeable to her. The remainder of the delay is either unexplained or
directly attributable to the State's actions. This factor also weighs against the State.

 

Assertion of Right

Appellant filed seven motions to dismiss this prosecution in which, among other
things, she complained of the delay in bringing her to trial. The first two motions to dismiss, filed
on July 1 and August 6, 2002, relied on provisions of the former speedy trial act held
unconstitutional in Meshell v. State, 739 S.W.2d 246 (Tex. Crim. App. 1987). Each of the other
motions to dismiss, filed on March 3, March 28, June 23, July 15, and August 8, 2003, complained
that the delay in the trial had denied appellant her Sixth Amendment right to a speedy trial. Under
the circumstances in which they were filed, these motions served to alert the trial court and the State
of the delay and appellant's lack of acquiescence to it. See Zamorano v. State, 84 S.W.3d 643,
651 n.40 (Tex. Crim. App. 2002). Appellant's repeated assertion of her right to a speedy trial weighs
in her favor.


Prejudice

The speedy trial right serves to prevent oppressive pretrial incarceration, minimize
anxiety and concern resulting from the pending charges, and limit the possible impairment of the
defense. Barker, 407 U.S. at 532. The first of these interests is not implicated here, as appellant was
released on bond soon after her arrest.

Appellant asserts that she was "vexed by the unreasonable delay" of her trial, but
there is no evidence before us that appellant suffered any significant emotional distress as a result
of the delay. Appellant argues that "the delay caused anxiety and concern especially since the
arresting officers had filed a contemporaneous complaint against [appellant] with Child Protective
Services." This fact is unrelated to the delay in appellant's trial in this cause.

Excessive delay presumptively prejudices the defense. Doggett, 505 U.S. at 655-56. 
There is, however, no evidence of actual prejudice in this case. This was a simple prosecution
involving three principal actors: appellant, the officer who stopped her, and the back-up officer. The
entire incident on which the prosecution was based was videotaped. Appellant claims that her
defense was impaired "because one of the main witnesses, the minor child's counselor, was no
longer available for trial," but there is no evidence of what the counselor would have said or any
explanation of how the counselor's testimony would have been relevant to the question of
appellant's guilt or innocence as charged. Appellant also claims that the delay resulted in "the
spoliation of the exculpatory evidence and other evidence with impeachment value, as well as a
substantial and material change in the judge presiding over the case." Appellant does not specify
the exculpatory and impeachment evidence that was lost, nor does she explain how the change of
judges was prejudicial to her defense. 

We conclude that the prejudice factor favors the State.

 


Balancing

None of the four factors is either a necessary or sufficient condition to the finding of
a deprivation of the speedy trial right, and courts must engage in a difficult and sensitive balancing
process in each individual case. Zamarano, 84 S.W.3d at 648. In this case, the excessive and largely
unjustified delay in the prosecution of this case weighs against the State, especially in light of
appellant's repeated assertions of the speedy trial right. On the other hand, there is no evidence that
appellant suffered any actual prejudice as a result of the delay, either in the form of pretrial distress
and anxiety or in her ability to prepare and present a defense to the charge against her. On balance,
we conclude that appellant's constitutional right to a speedy trial was not violated. Point of error
one is overruled. 

 





Discovery


Appellant asserts that the State violated the trial court's discovery orders and article
39.14 by "hiding, secreting and refusing to timely disclose exculpatory or impeachment evidence and
witnesses." See Tex. Code Crim. Proc. Ann. art. 39.14 (West 2005).

A criminal defendant does not have a general right to discovery of evidence in the
State's possession. Michaelwicz v. State, 186 S.W.3d 601, 612 (Tex. App.--Austin 2006, pet. ref'd). 
Limited discovery has been provided by article 39.14. Id. At the time of appellant's trial, the
decision as to what is discoverable was committed to the discretion of the trial court. Id.

Appellant complains that the State failed to comply with an order to provide the
names and addresses of witnesses. She acknowledges, however, that the State did file a witness list
and the State's only witnesses, the two officers, were on it.

Appellant asserts that the State did not comply with an order to produce a Harris
Lanier cassette tape recorder. The record reflects, however, that the State repeatedly told the court
that it could not find and had no record of this tape recorder. There is no evidence that the State
deliberately failed to comply with the discovery order.

Appellant says that the State did not produce the chain of custody of all evidence or
confiscated property, as it was ordered to do. The only exhibits introduced by the State were the
videotape and a small wooden baseball bat found in appellant's truck after she was arrested. 
Appellant unsuccessfully objected to the introduction of these exhibits on the ground that she had
not seen the police evidence logs. Both exhibits were properly authenticated, however, and there is
no evidence or suggestion by appellant that either item had been tampered with. See
Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997) (without evidence of tampering,
chain of custody questions go to weight, not admissibility, of exhibit).

Appellant complains that the State failed to comply with an order to produce for an
in camera inspection the personnel files of the two officers involved in this case and copies of any
and all complaints filed against the officers. At a pretrial hearing, the State announced that it had
complied with this order and there is no evidence that it did not.

Appellant complains that the State did not produce any tapes or other documentation
of the "interrogation" of her seven-year-old son, who was in the truck with her when it was stopped. 
There is, however, no evidence that the boy was interrogated.

Appellant has failed to establish that there was an abuse of discretion in the court's
discovery rulings or that the State failed to comply with those rulings. Point of error
three is overruled.

 

Suppression of Evidence


Appellant contends that all the evidence in this case--including the officers'
testimony, the videotape of the incident, and the baseball bat--should have been suppressed as
having been "provoked, caused, or incited by the illegal and unconstitutional actions" of the officers. 
Appellant does not contest the initial speeding stop, but she argues that the officers' conduct
following the initial stop was unconstitutional and otherwise unlawful.

A traffic stop is a seizure for the purposes of the Fourth Amendment and article one,
section nine of the Texas Constitution. Whren v. United States, 517 U.S. 806, 809 (1996);
Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). Like all investigative detentions,
a traffic stop must be justified at its inception and reasonably related in scope to the circumstances
that justified it in the first place. Terry v. Ohio, 392 U.S. 1, 19-20 (1968). The detention must be
temporary and last no longer than necessary to effectuate the purposes of the stop. Florida v. Royer,
460 U.S. 491, 500 (1983); Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). The
investigative methods employed should be the least intrusive means reasonably available. Davis,
947 S.W.2d at 245.

Appellant argues that the officer had a "mandatory and ministerial duty" to issue the
speeding citation and release her. However, the fact that the encounter between appellant and the
officers on the afternoon in question was not a typical, brief speeding stop was, in essence, what this
prosecution was all about. It was the State's theory that appellant, by her conduct, interfered with
the officers and thereby was responsible for what occurred. Appellant, in her defense, claimed that
she had been provoked by the unreasonable and unlawful actions of the police. The jury sided with
the State, and the court of criminal appeals has determined that the evidence is legally sufficient to
support the conclusion that appellant's conduct "disrupted [the officer's] plan to present a speeding
citation." Barnes, 206 S.W.3d at 605.

Appellant's primary complaint seems to be that Officer Koenig exceeded the
legitimate scope of the traffic stop when he opened the passenger side door of her pickup to speak
to her. She also complains of the officers' subsequent efforts to prevent her from driving away and
to force their way into her pickup truck. See Barnes, 166 S.W.3d at 417. Appellant cites no
authority supporting her claim that these actions were of constitutional significance under the
circumstances. Appellant had already been seized as a result of the traffic stop. See Whren, 517 U.S.
at 809. Appellant cites no authority supporting her claim that the evidence of her subsequent
conduct and statements were unlawfully obtained or otherwise inadmissible. See Tex. Code Crim.
Proc. Ann. art. 38.22, § 5 (West 2005) (admissibility of res gestae statements); id. art. 38.23(a)
(exclusionary rule).

Appellant complains that the State did not produce a chain of custody for the
videotape and the baseball bat. As previously noted while discussing appellant's discovery
arguments, these exhibits were properly authenticated and there is no evidence that they had been
tampered with. Appellant also contends that her statements on the videotape and the testimony
regarding the bat were irrelevant. Evidence is relevant if it has any tendency to make the existence
of any fact of consequence more or less probable than it would be without the evidence. 
Tex. R. Evid. 401. We review a trial court's decision to admit evidence over objection under an
abuse of discretion standard. Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). No
clear abuse of discretion is shown in the admission of this evidence.

Point of error five is overruled.

 


Mistrial and Directed Verdict


At the conclusion of argument at the guilt/innocence stage, appellant moved for a
mistrial on the ground that the prosecutor had made improper comments. Appellant does not refer
us to the statements of which she complains. In any event, to preserve jury argument error, an
objection must be voiced at the time the argument is made. See Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996). 

Appellant also complains that the court overruled her motion for a directed verdict. 
This is simply another challenge to the legal sufficiency of the evidence. Cook v. State,
858 S.W.2d 467, 470 (Tex. Crim. App. 1993).

Point of error seven is overruled.

 


Cumulative Error


Appellant's final point of error is, in essence, a restatement of all the errors raised in
her preceding points. Multiple errors may be found harmful in their cumulative effect. 
Feldman v. State, 71 S.W.3d 738, 757 (Tex. Crim. App. 2002). But the mere restatement of claimed
errors previously discussed and overruled is not cumulative error. See id. Point of error
eight is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed on Remand

Filed: June 7, 2007

Do Not Publish